Filed June 13, 1891.

---

No. 15,089.

### THE STATE, EX REL. HARRISON, ET AL. *v.* GALBRAITH ET AL.

OFFICE AND OFFICER.—*Official Bond.—Breach.*—No recovery can be had upon a bond executed by a public officer unless a breach of official duty is shown.

SAME.—*Superintendent of Hospital for Insane.—Nepotism.—Action on Bond.*—Section 2774, R. S. 1881, defining the duties of the superintendent of the Hospital for the Insane, does not make it his duty to demand or collect compensation from inmates of the hospital, nor forbid him from permitting persons not entitled to remain as inmates from being there maintained. By section 2776, R. S. 1881, such duty is imposed upon the trustees, and in the absence of proper by-laws, adopted by them requiring the superintendent to exclude persons not entitled to remain in the hospital, neither he nor his bondsmen can be liable for the breach of such duty.

From the Marion Superior Court.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for appellant.

*W. W. Herod* and *W. P. Herod*, for appellees.

ELLIOTT, J.—The appellee Galbraith, as principal, and the other appellees, as sureties, executed the bond upon which this action is founded. The condition of the bond is that Galbraith shall " well, truly and faithfully perform all of the duties pertaining to and required of the superintendent of the Hospital for the Insane, as required by the acts of the General Assembly of the State of Indiana, of the date of March 6th, 1879, and of all acts subsequently passed or which may be hereafter passed." The breach alleged is that Sup-

erintendent Galbraith kept in the hospital a person who was not his wife or child, or the wife or child of any employee, nor an employee of the hospital, without requiring such person to pay any compensation, or promising to pay any compensation, for her maintenance.

It is a familiar rule that no recovery can be had upon a bond executed by a public officer unless a breach of official duty is affirmatively shown. It is, therefore, essential to a recovery in this case that the facts pleaded constitute a breach of duty enjoined upon the principal in the bond.

Section 2774 of the statute provides for the appointment of a superintendent of the Hospital for the Insane, and in very general words outlines his duties, but it does not make it his duty to demand or collect compensation from inmates of the hospital, nor does it forbid him from permitting persons not entitled to remain as inmates from being there maintained. In prescribing the duties of the trustees the statute declares that " they shall not allow any of the relatives or members of the family, except the wife and children of such officers whose regular home has been and is with him, of any superintendent or other subordinate or employee to be kept, maintained, or supported in the institution, without charging to such persons the full value of such maintenance and support, unless such relative or member of the family be regularly employed and paid as one of the subordinates or employees thereof." Section 2776, R. S. 1881.

It appears from the provisions quoted that the wrong alleged to constitute a breach of the superintendent's bond was, in fact, the wrong of the trustees, and it is very clear that the sureties of the superintendent can not be held responsible for the wrongful acts of the trustees. If the superintendent did not violate some duty imposed upon him by law, neither he nor his sureties can be liable upon his official bond.

We do not doubt that the trustees have power to adopt by-laws requiring the superintendent to exclude persons not en-

titled to remain in the hospital, but until such by-laws are adopted the statutory duty of excluding such persons rests upon the trustees. It is, indeed, not only within the power of the trustees to adopt the needful by-laws, but it is their duty to do so. If the proper by-laws were adopted, and the bond of the superintendent properly conditioned, that officer and his sureties might be made to answer for such a wrong as that charged, but however this may be, it is entirely clear that there can be no recovery upon the facts stated in the complaint before us.

