STATE, EX REL. ZUELLY, ET AL. *v.* CASPER ET AL.

[No. 19,733. Filed April 29, 1903.]

PLEADING.—*Action Against County Auditor to Recover County's Money.—State as Party.*—In an action against a county auditor to recover money belonging to the county, the State is not a proper party plaintiff, and the error in making the State such a party is not cured by the joinder of taxpayers as relators.

From Perry Circuit Court; *E. M. Swan*, Judge.

Action by State on the relation of Adolph Zuelly and others against Martin F. Casper and others. From a judgment for defendants, the relators appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*S. H. Esarey*, for appellants.
*Philip Zoercher*, *J. L. Suddarth*, *W. T. Zenor* and *M. D. Casper*, for appellees.

DOWLING, J.—On motion of counsel for appellants, this cause was consolidated with No. 19,732, in which Adolph Zuelly, Henry H. Bielefeld, and Frederick D. Wichser were appellants, and Martin F. Casper and the board of commissioners of the county of Perry were the appellees. No objection to such consolidation was made on behalf of the appellees, and the motion was granted without an exam-

ination of the sufficiency of the grounds therefor. Upon a more careful reading of the record, we are satisfied that the order of consolidation was improvidently made, and the same is set aside.

This action was brought in the name of the State of Indiana on the relation of Adolph Zuelly, Henry H. Bielefeld, and Frederick D. Wichser against Martin F. Casper and the board of commissioners of the county of Perry to recover from Casper, a former auditor of said county, certain moneys belonging to the county alleged to have been wrongfully received by him as such auditor, and for which the board of commissioners of said county refused to sue. Demurrers to the complaint on the ground of a want of sufficient facts, want of capacity of the plaintiff to sue, and a defect of parties plaintiff were sustained by the trial court, and judgment thereon was rendered for the appellees respectively.

The action was not on the bond of the auditor. The title to the moneys sued for was in the county, and not in the State. The latter, therefore, was not a proper plaintiff, and the error in the pleading was not cured by the joinder of the three taxpayers as relators. The latter, as the representatives of all taxpayers having a common interest, had the right to sue in their own names for the use of the county, and of the other taxpayers thereof. *Zuelly* v. *Casper, ante,* 455.

The State, not being the owner of the moneys sued for, nor having any interest therein, was not authorized to maintain an action therefor. *People* v. *Ingersoll,* 58 N. Y. 1, 17 Am. Rep. 178; *People* v. *Booth,* 32 N. Y. 397.

The court did not err in sustaining the demurrers to the complaint. Judgment affirmed.