PASCAL P. GILMORE, Treasurer of the State of Maine,

*vs.*

COUNTY OF PENOBSCOT.

Hancock.    Opinion November 26, 1910.

*Constitutional Law. Legislative Powers. Sheriffs. Executive Powers. Intoxicating Liquors. Officers Appointed by Governor. Constitution of Maine, Article IX, section 10. Statute, 1905, chapter 92, section 5; 1909, chapter 255, section 1. Revised Statutes, chapter 32, section 49; chapter 41, section 2.*

1.   A power long exercised by the legislature without question must be held to be within its constitutional powers unless plainly prohibited by some express provision of the constitution.

2.   The constitution does not plainly prohibit the legislature from imposing upon a county the expense of enforcing the laws of the State within that county and the power to do so has been exercised so long without question, it must be held to be a constitutional power of the legislature, even if otherwise questionable.

3.   The constitutional provision that sheriffs shall be elected by the people of their respective counties (Const. Art. IX, section 10) does not prohibit the legislature from authorizing the governor to appoint other officers with the powers of the sheriff for the enforcement of the laws of the State within the counties.

4.   Executive officers necessarily have the power, so far as not limited by the constitution or statute, to determine when and in what locality within their jurisdiction there is need of the exercise of their powers for the enforcement of the laws. The people and local officers of that locality have no constitutional nor statutory right to be heard on that question.

5.   Neither the Act of 1905, chapter 92, popularly known as the "Sturgis Law" and authorizing the appointment by the governor of special officers to enforce certain laws in any county, nor the Act of 1909, chapter 255, imposing upon the county the payment of the fees and expenses of such special officers in enforcing the laws in that county, violates any constitutional right of the county or its sheriff.

On agreed statement of facts.    Judgment for plaintiff.

Action of debt brought against the County of Penobscot, in the name of the Treasurer of the State of Maine, for the benefit of the

State, under the provisions of section 5 of chapter 92 of the Public Laws of 1905 as amended by section 1 of chapter 255 of the Public Laws of 1909, to recover the sum of $7,171.78 paid by the State Treasurer for the services and expenses of the deputy enforcement commissioners, during the months August, September, October, November and December, 1909, in enforcing, in the cities and towns in Penobscot County, the law against the manufacture and sale of intoxicating liquors.   Plea, the general issue.   An agreed statement of facts was filed and the case reported to the Law Court with the stipulations that "if the section of the statute upon which plaintiff bases the right to recover is in violation of the provisions of the Constitution of the State of Maine, or if other sufficient defense in law exist, then plaintiff is to be nonsuited ; otherwise judgment is to be entered for plaintiff in accordance with the demands of the writ."

The case is stated in the opinion.

Section 5 of chapter 92 of the Public Laws of 1905 as amended by section 1 of chapter 255 of the Public Laws of 1909, reads as follows :

"Section 5.   It shall be the duty of the said deputy enforcement commissioners to exercise all the powers herein conferred when, where and as directed by said commission, and for their services they shall be paid three dollars per day and the actual expenses occasioned by the performance of such duty, and shall, at such time as may be fixed by the commission, present their accounts for approval and after approval the governor and council shall draw their warrant against any moneys in the treasury not otherwise appropriated, in payment thereof.   The state auditor on or before the fifteenth day of each month shall notify the county commissioners of each county where the powers aforesaid are executed, of the sum paid by the state treasurer during the preceding calendar month for the services and expenses of said deputies in such county, and such sum shall be paid by the county treasurer of said county to the treasurer of state within thirty days after such notice is mailed.   In case of failure to make such payment within said thirty days an action of debt may be maintained against said county in

the name of the treasurer of state, for the benefit of the state to recover said sum, or the amount payable as aforesaid may be deducted by the treasurer of state from any sum due from the state to such county."

*Warren C. Philbrook*, Attorney General, for plaintiff.

*George E. Thompson*, County Attorney, for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J.   By ch. 92 of the Public Laws of 1905 the Governor was authorized to appoint a commission of three persons to be known as enforcement Commissioners.   They were empowered to appoint deputies with authority to exercise in any part of the State all the common law and statutory powers of Sheriffs in their respective counties in the enforcement of the laws against the manufacture and sale of intoxicating liquors.   It was further provided in the Act that upon being satisfied that the local authorities failed to enforce such laws in any city or town in the State the Commissioners should instruct their deputies in the county to enforce those laws, and also might send deputies from other parts of the State for that purpose.   By an amendatory Act, ch. 255 of the Public Laws of 1909, it was further provided that the deputies should be paid by the State a per diem compensation and their actual expenses while in the performance of their duties under the Act, and that the treasurer of the county in which the deputies exercised their powers under the statute should pay to the State Treasurer the sums so paid out to such deputies.   In case such repayment was not made, the State Treasurer was authorized to recover the amount in action of debt in his name in behalf of the State against the county.

Under the statute cited, the Governor appointed three enforcement Commissioners who duly qualified.   Being satisfied that the local authorities in Penobscot County were not enforcing the law, the Commissioners during the last five months of 1909 instructed their deputies to enforce there the law against the manufacture and sale of intoxicating liquors.   The bills of the deputies for such

services were duly audited by the State Auditor and paid from the State treasury, and repayment thereof demanded from the treasurer of Penobscot County. The County Treasurer not complying with the demand, this action was brought by the State Treasurer against the county as provided in the statute.

No technical objections are made and it is admitted that the plaintiff is entitled to judgment for the amount claimed in the declaration if the legislature had the constitutional power to impose on the county the burden of paying for the services of those deputies in enforcing in the county the laws against the manufacture and sale of intoxicating liquors.

The legislature has so long, without objection, exercised the power of imposing on counties some part at least of the cost of enforcing the laws of the State within their limits, even by State officials, the constitutionality of the power must now be held established, even if ever questionable, there being no express prohibition thereof in the constitution. An illustration of the plenitude of this power is furnished by the case *Farwell* v. *Rockland*, 62 Maine, 296. The legislature had imposed upon the city of Rockland alone the burden of paying the salary of the judge of the police court established in that city, though established there for the whole county of Knox. An action by the judge against the city for his salary was sustained. The analogy is evident. True, at that time police judges were to be elected by the people of the town in which the court was established, but they were, none the less, State officers. *Andrews* v. *King*, 77 Maine, 230. The subsequent change in the constitution making such officials appointive by the Governor did not take away the power of the legislature to impose the payment of their salaries upon the town or county. That power long has been, and is being, freely exercised without objection on any constitutional grounds.

*In the Matter of Bryant*, 152 N. Y. 412, it was held that the constitutional provision that "it shall be the duty of the legislature at each session to make sufficient appropriations for the maintenance" of the militia, did not prohibit the legislature from imposing on counties the expense of maintaining armories within their limits, as had long been the custom.

But the counsel for the county contends that the legislature had no constitutional authority to create the office of enforcement Commissioners and deputies to be appointed by the Governor with the right to exercise any of the powers of sheriffs and deputies in Penobscot County, and hence could not require the county to pay the fees and expenses of the Commissioners' deputies for services within the county. The argument is, that by the constitution the sole authority to appoint sheriffs is vested in the people of the county and that it is a necessary inference from this constitutional provision that the legislature is debarred from creating any other office with any of the powers of a sheriff.

We do not think such an inference is necessary. That provision of the constitution does not in terms, nor by necessary implication, deprive the legislature of the inherent legislative power to provide additional instrumentalities for the enforcement of the State laws in any part of the State. It does not unmistakably show an intention to entrust the enforcement of the laws of the State exclusively to the sheriffs of the various counties, so that, if they neglect to enforce the laws, the laws cannot be enforced. On the contrary, the Governor still has the constitutional duty to "take care that the laws be faithfully executed." The legislature still has the constitutional power to provide him with efficient instrumentalities for the performance of that duty.

It has exercised that power for years without question in many other instances. It has authorized the appointment by the Governor of fish and game wardens with the powers of sheriffs for the enforcement of statutes for the protection of inland fish and game, R. S., ch. 32, sec. 49; also fish wardens with the powers of sheriffs for the enforcement of statutes relating to sea and shore fisheries, R. S., ch. 41, sec. 2. It has also long conferred upon the police and constables of cities and towns many of the powers of sheriffs for the enforcement of the laws of the State. It is too late now to question the power unless some provision of the constitution can be cited expressly forbidding. None has been cited and we find none. The statute in question does not operate to deprive the sheriff of

any right or authority vested in him by the constitution if any. He may still exercise them in all their fullness.

The counsel further contends that the legislature could not vest in the Commissioners the power to determine when and in what county their deputies should act; and still further contends that the provision in the statute that the Commissioners may so determine is unconstitutional, in that it does not provide a right and opportunity for the county to be heard upon the question whether there is occasion for such action. The. argument is, that to authorize the Commissioners to mulct the county without notice and hearing because of supposed failure of duty on the part of its local officers, is contrary "to the law of the land." Neither of these contentions can be sustained as an effective defense to this action.

All executive officers charged with the enforcement of the laws necessarily have the power to determine when and where, within their jurisdiction, there is occasion for them to act in discharge of that duty. It was not necessary to provide in the statute, in order to make it constitutional, that the Commissioners should be satisfied of the failure of the local authorities before setting their own deputies in action. As heretofore stated, the legislature has the constitutional authority to provide the executive with instrumentalities for the enforcement of the laws throughout the State concurrently with, and independently of, the local authorities. It also has the constitutional power, as already stated, to impose on the county the cost of such enforcement within the county. No constitutional right of the county is infringed thereby. *A fortiori,* no such right is infringed by requiring a finding by the Commissioners of the fact of the failure of the local authorities before themselves proceeding to enforce the laws even though no notice is to be given the county.

No other objections to the constitutionality of the statute are suggested.

> *Judgment for the plaintiffs for the sums claimed in the declaration; the amount to be computed by the Clerk of Hancock County, and judgment entered there accordingly.*