RANSBOTTOM, AUDITOR, ET AL. v. STATE, EX REL.
ROBBINS.

[No. 22,027.   Filed December 14, 1911.   Rehearing denied June
6, 1912.]

1. CONSTITUTIONAL LAW.—*Due Process of Law.*—*Public Account-
ing.*—*Statutes.*—The public accounting statute (Acts 1909 p. 136),
creating the state board of accounts and providing for the ex-
amination of accounts in the public offices, is not in violation of
the provisions of the State and Federal Constitutions against de-
priving citizens of due process of law.   p. 81.

2. STATUTES.—*Title of Act.*—*Sufficiency.*—*Public Accounting Law.*
—The title of the act known as the public accounting statute
(Acts 1909 p. 136) is a sufficient compliance with the require-
ment of the State Constitution, article 4, §19, that every act shall
embrace but one subject-matter, which subject-matter shall be
expressed in the title.   p. 82.

3. COUNTIES.—*Unlawful Expenditures.*—*Actions to Enjoin.*—*Action
by Taxpayer.*—Where a taxpayer seeks to enjoin the unlawful
expenditure of county funds, suit should be brought in the name
of the taxpayer for his own use and for the use of the other
taxpayers of the county.   p. 82.

From Starke Circuit Court; *Francis J. Vurpillatt*, Judge.

Action by the State of Indiana on the relation of Henry R.
Robbins against Lee M. Ransbottom as Auditor of Starke
County, Indiana, and others.   From a judgment for relator,
the defendants appeal.   *Reversed.*

*Thomas M. Honan*, for appellants.
*H. R. Robbins*, for appellee.

MORRIS, C. J.—Suit, in the name of the State of Indiana,
on the relation of Henry R. Robbins, a taxpayer of Starke
county, against Lee M. Ransbottom, county auditor, and the
other appellants herein.   The other appellants are averred
to be "field examiners", who examined accounts in the
public offices of Starke county, under the provisions of the
public accounting statute of 1909 (Acts 1909 p. 136).

It is averred in the complaint that the field examiners, for

their services rendered in Starke county, have presented their claims to the state examiner; that the claims have been allowed, and will be paid out of the county treasury, unless the auditor and the other appellants be enjoined, and for that purpose the action is brought.

The only ground of action alleged is the unconstitutionality of the statute, and this is predicated on two propositions, viz.: (1) It is alleged to violate article 4, §19, of the Constitution of Indiana, which provides that every act shall embrace but one subject-matter, which subject-matter shall be expressed in the title; (2) the act is alleged to violate both the State and Federal Constitutions, because it denies to the citizens of counties of the State due process of law.

Appellants separately and severally demurred to the complaint because of insufficiency of facts, and because plaintiff lacked legal capacity to sue.

The demurrer was overruled. Appellants declined to plead further, and judgment was rendered, enjoining the county auditor from issuing any warrant for the payment of the sums in controversy, and expressly adjudicating the unconstitutionality of the statute, because of its "denying to the citizen and taxpayer due process of law reserved to him by the Federal as well as the State Constitution."

The court erred in overruling the demurrer.

The proposition that the statute violates either the Constitution of Indiana or that of the United States, because it denies "due process of law", can find no support 1. either in reason or authority. *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 33 N. E. 421, 18 L. R. A. 729; *McKinster* v. *Sager* (1904), 163 Ind. 671, 72 N. E. 854, 68 L. R. A. 273, 106 Am. St. 268; *Barton* v. *Kimmerley* (1905), 165 Ind. 609, 76 N. E. 250, 112 Am. St. 252; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Campbell* v. *State* (1909), 171 Ind. 702, 87 N. E. 212; *State, ex rel.,* v. *Shumate* (1905), 72 Ohio St.

487, 74 N. E. 588; *Gilmore* v. *Penobscot County* (1910), 107 Me. 345, 78 Atl. 454; *Mayor, etc.,* v. *Keeley Institute* (1895), 81 Md. 106, 31 Atl. 437; *Bryant* v. *Palmer* (1897), 152 N. Y. 412, 46 N. E. 851; 1 Beach, Pub. Corp. §722.

The title of the act is sufficient. *State, ex rel.,* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417, and cases cited. Where it is sought by a taxpayer of a county to enjoin the unlawful expenditure of county funds, suit should be brought in the name of the taxpayer, for his own use, and for the use of other taxpayers thereof. *State, ex rel.,* v. *Casper* (1903), 160 Ind. 490, 67 N. E. 185; *State, ex rel.,* v. *Holt* (1904), 163 Ind. 198, 71 N. E. 653.

Judgment reversed, with instructions to the court below to sustain appellants' demurrer, and for further proceedings not inconsistent with this opinion.

MYERS, J.—While concurring then, as now, in the result originally declared in this case as the necessary conclusion, under the allegations of the complaint, I do not wish to be understood, as the opinion is claimed by appellee to be understood, as admitting or denying anything one way or the other on the question as to whether the approval of the state examiner, and his certification as to the amount of the field examiners' claims are conclusive on the municipality, or only *prima facie* correct, and subject to review. That question should be left open for careful consideration and decision when it is presented.

Monks, J., concurs in the foregoing.

NOTE.—Reported in 96 N. E. 762, 98 N. E. 706. See, also, under (1) 8 Cyc. 1080; (2) 36 Cyc. 1017; (3) 22 Cyc. 912. As to the right of a taxpayer to enjoin a municipal or quasi-municipal corporation from the doing of an illegal act, see 2 Am. St. 97.