STATE OF INDIANA, EX REL. MOCK ET AL., *v.* BLEEKE ET AL.

[No. 9,142. Filed April 26, 1917. Rehearing denied October 9, 1917. Transfer denied June 26, 1919.]

1. OFFICERS.—*Liability on Official Bonds.—Breach of Official Duty.*—Recovery cannot be had on an official bond unless a breach of an official duty is affirmatively shown. p. 26.

2. PLEADING.—*Complaint.—Theory.—Variance.*—A plaintiff cannot sue on one theory and recover on another, since any recovery must be upon the theory of the complaint. p. 26.

3. ATTORNEY AND CLIENT.—*Attorneys' Fees.—Recovery.—Complaint. —Theory.—Sufficiency.*—In an action by attorneys against a county clerk to recover fees for services for securing a judgment which was paid to the sheriff and turned over to the clerk, complaint *held* to be drawn on the theory of enforcing plaintiff's rights as holders of a statutory lien, so that its sufficiency must be determined regardless of any right plaintiffs may have had to demand and receive the money from the clerk for their client under §1003 Burns 1914, §968 R. S. 1881. p. 27.

4. CLERKS OF COURTS.—*Judgments.—Distribution of Proceeds.—Liability.—Attorneys' Fees.—Lien.*—The mere filing by attorneys of a declaration of intention to hold a lien for attorneys' fees on a judgment secured for a client imposed no official duty on the clerk of the court to pay the lien to them until after the validity and extent of the same had been properly determined. p. 27.

From Adams Circuit Court; *Dore B. Erwin*, Special Judge.

Action by the State of Indiana, on the relation of John Mock and another, against Ferdinand Bleeke and others. From a judgment for defendants, the relators appeal. *Affirmed.*

*James T. Merryman* and *Mock & Mock,* for appellants.

*Clark J. Lutz, Simmons & Dailey* and *Sturgis & Stine,* for appellees.

BATMAN, J.—This was an action brought by appellant against appellees, as principal and sureties on the official bond of Ferdinand Bleeke, as clerk of the Adams Circuit Court. The facts alleged in the amended complaint, in so far as they are necessary for a determination of the question on appeal, are substantially as follows: The relators and one Levi Mock, now deceased, were partners in the practice of law under the firm name of Mock and Sons. They were employed by one Thomas Faylor to institute an action against one David D. Studebaker to set aside a deed, to quiet title, and for possession and damages. Certain other persons who had an interest in said cause of action, employed other attorneys to represent them in said proceedings, but that such other attorneys did not represent the said Thomas Faylor. A single action was brought by said several attorneys, on behalf of their respective clients for the purpose stated, and was prosecuted through four trials and two appeals, resulting in a final judgment in favor of such clients for $2,000; that, as plaintiff in said cause, the said Thomas Faylor was claiming an undivided one-fourth interest in the subject-matter of such action. The judgment, which was finally affirmed, was rendered in the Adams Circuit Court on October 30, 1909, and the said firm of Mock and Sons on November 8, 1909, filed on the margin of the order book where said judgment was entered a declaration, duly attested by the clerk, of their intention to hold a lien against said judgment for the

sum of $2,000 for services rendered in said cause as attorneys for the plaintiffs.

On February 18, 1913, such other attorneys ordered an execution issued on said judgment, which was done, and on March 10, 1913, the sheriff paid to the appellee Ferdinand Bleeke, as clerk of the Adams Circuit Court, the sum of $2,628.75, received by him on said judgment. On February 27, 1913, the relators served a written notice on the appellee Ferdinand Bleeke, on behalf of Thomas Faylor and fourteen other persons, reciting the fact of the recovery of such judgment, the filing of several attorneys' liens against the same, the issuing of an execution thereon, the portion of such judgment to which each of said persons was entitled, and notifying said appellee not to apply any of their shares to the payment of any liens other than the one filed by Mock and Sons, or to any one except their authorized agents or attorneys. Notwithstanding such notice, and the filing of such lien by said Mock and Sons, the said appellee Ferdinand Bleeke on March 10, 1913, without right, paid the full amount of said judgment, to wit, $2,402.40, to such other attorneys in said action, including the one-fourth part interest of Thomas Faylor on which the said Mock and Sons had filed a lien for $2,000. On March 19, 1913, the relators made a written demand on appellee for the payment of the one-fourth of said $2,402.40. Said lien of Mock and Sons has never been paid, satisfied, or released, and they still hold the same as attorneys against the interest of said Thomas Faylor in said judgment, in the sum of $2,000. That the services of said Mock and Sons for which said lien was filed are and were of the value of $2,000. The amended complaint also contains an alleged copy of

the bond of the appellee Ferdinand Bleeke, as such clerk, to which appear the names of the remaining appellees as sureties, with a penalty in the sum of $10,000, payable to the State of Indiana for the use of persons aggrieved, and claims that $657, with interest thereon at six per cent. from March 19, 1913, is now due the relators as surviving partners of Mock and Sons. Prayer demanding judgment for said amount. To this complaint appellee filed a demurrer for want of facts with a memorandum specifying a number of particulars in which such complaint was insufficient. The court sustained this demurrer, and, the appellant refusing to plead further, judgment was entered that appellant take nothing by the action, and that appellees recover costs.

The sole question presented by this appeal arises on the action of the court in sustaining appellee's demurrer to the amended complaint.

This is an action on an official bond, and we are confronted at the outset with the familiar rule that no recovery can be had on such a bond unless a breach of official duty is affirmatively shown. 1. *State, ex rel. v. Galbraith* (1891), 128 Ind. 501, 28 N. E. 127; 15 Ency. Pl. and Pr. 91. The memorandum accompanying the demurrer requires this court to determine whether any breach of official duty on the part of the appellee Ferdinand Bleeke, as clerk of the Adams Circuit Court, is affirmatively shown by the complaint. It is a well-settled rule of practice that a plaintiff must recover, if at all, upon the theory of his complaint. He cannot 2. sue upon one theory and recover upon another. *Pennsylvania Co. v. Walker* (1902), 29 Ind.

App. 285, 64 N. E. 473; *McGlone* v. *Hauger* (1914), 56 Ind. App. 243, 104 N. E. 116.

From an inspection of the complaint we conclude that it is drawn on the theory that the relators, as statutory lienholders, had a right to demand and receive from the appellee Ferdinand Bleeke, as clerk of the Adams Circuit Court, the sum of $657 and interest thereon from March 19, 1913, on account of the money paid to him by the sheriff on the judgment in question, and that such appellee refused to make such payment after demand so to do. The sufficiency of the complaint must therefore be determined regardless of any right the relators may have had to demand and receive such money from said appellee as such clerk, on behalf of their client as provided by §1003 Burns 1914, §968 R. S. 1881. In that event they would have been seeking to collect such money of the clerk as agents of their client, but in the case presented by the complaint they were attempting to collect the same in their personal right as alleged lienholders. The difference in their rights under the circumstances stated is at once apparent, and besides in the former event the suit to recover would necessarily be brought in the name of their principal, as the real party in interest, while the only capacity in which the relators are prosecuting this action is that of lienholders. If it be admitted that all the facts alleged in the complaint are true, as the demurrer in effect admits, can it be said that they show a breach of any official duty on the part of such clerk which gives the relators a right of action? If so, what was it? Appellant contends that it was the failure of such appellee to hold $657 of the money paid into his hands as such clerk on said judgment, and to pay over said

amount to relators, as the surviving partners of Mock and Sons, by virtue of their said lien, notice and demand. We cannot concur in this contention: The appellee Ferdinand Bleeke, as such clerk, could only apply so much of the money paid into his hands in satisfaction of the judgment in question to the relators as mere lienholders as might be actually due them. The amount due by virtue of any such lien, if anything, was wholly uncertain. The mere filing by Mock and Sons of· their declaration of intention to hold a lien on the judgment did not determine the existence or the amount of the same, but left it ·open for adjudication or adjustment between the contracting parties. *Kimble* v. *Board, etc.* (1904), 32 Ind. App. 377, 66 N. E. 1023; 1 Watson, Statutory Liens §49. The act of filing such declaration of intention, in pursuance of the statute, is an unilateral proceeding, and does not assume to fix the amount due. Its only purpose is to protect the attorney rendering the service for whatever amount is actually due, as may thereafter be determined.· The statute itself designates the amount to be stated in such declaration as a mere claim, and does not purport to state a determined amount. Such lien, in fact, depended on several contingencies, which the clerk had no right to determine, such as the interest represented, the terms of employment, the agreed amount ·to be paid for such services, or reasonable value thereof, the filing of a declaration of intention within the required time, and such other matters a's might enter into its determination. Until the validity and extent of any such lien is established, no official duty rested upon the clerk to pay any part of such money to Mock and Sons, *as mere lienholders,* whatever his duty may have been to pay the same to the judgment creditor

himself, or the attorneys of record on behalf of their principal. Appellant discusses the rights of Mock and Sons as equitable lienholders, regardless of the statute, but the same reasoning would apply, if the complaint could be construed to be drawn on that theory, and the same defect would still exist. Questions arising out of the acts of the clerk in paying the money in question to said other attorneys, as alleged in the complaint, need not be determined here, as the only liability of the clerk to the relators would arise from his failure to pay under such circumstances as made it his official duty so to do, and not from any collateral acts in the management or distribution of such fund.

We therefore conclude that the facts stated in the amended complaint do not show the breach of any official duty on the part of the principal in such bond. By what we have said we do not mean to imply that the action of the clerk in paying out all the money received on said judgment as alleged has defeated the lien of the relators for their attorney fees, or left them remediless. They may take the proper steps to have the amount of their alleged lien determined, and, when this is done, a duty will rest upon the clerk to pay the same, provided he has received the money on said judgment as alleged in the complaint. His failure so to do would then be a breach of an official duty, which would give appellants a right of action on his bond.

Other questions are raised by the demurrer to the amended complaint, which we deem it unnecessary to decide, inasmuch as there can be no reversal of the judgment for the reasons stated.

Judgment affirmed.