STATE OF INDIANA, EX REL. NATIONAL SURETY COMPANY ET AL., *v.* BOARD OF COMMISSIONERS OF RUSH COUNTY.

[No. 23,284. Filed December 19, 1918.]

1.    HIGHWAYS. — *Construction.* — *Bonds.* — *Breach.* — *Liability of One Not a Party.* — *Joinder.* — In a suit by the relator, the surety for a road contractor, against the county commissioners, the engineer and the latter's surety to recover twenty per cent. of one of the payments to the defaulting contractor, a com-

plaint alleging that the contract between the board of commissioners and the engineer required the latter to deduct that amount and that, upon his failure to do so, the board paid out all the funds available under the contract, and asking for a recovery against the board for said amount and for an order requiring the engineer and his surety to pay it to the board for the relator's benefit, was demurrable for want of facts, the statute not requiring the engineer to make the deduction, and there being no allegation that the engineer's bond is conditioned for the discharge of the alleged contract with the board to make the deduction, hence neither the engineer nor his surety was liable. p. 714.

2.  PLEADING.—*Complaint.*—*Sufficiency as to All Plaintiffs.*—If a complaint is not good as to all plaintiffs, it is bad as to all. p. 715.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by the State of Indiana, on relation of the National Surety Company and the surety company, individually, against the board of commissioners of Rush county and others. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Russell Willson, Romney L. Willson* and *John A. Titsworth,* for appellants.

*Kiplinger & Smith* and *Samuel L. Trabue,* for appellees.

HARVEY, C. J.—The State of Indiana, on the relation of the National Surety Company, and the National Surety Company join as plaintiffs in this action. A separate demurrer of each defendant was sustained to the complaint; judgment was rendered. Each demurrer assigns as cause that the complaint does not state facts sufficient in that, among other defects, two parties have joined as plaintiffs, whereas the relationship of the parties plaintiff to each other and to the defendants shown by the complaint does not justify such joinder.

The controversy grows out of a township gravel road

contract and its execution. The contractors, after completing a part of the road, became insolvent and abandoned the contract. A new contract for completion was let by the commissioners. The accepted bid for the new contract was $9,405 in excess of the amount actually remaining subject to order of the commissioners for such completion, and said amount was by the commissioners demanded of the National Surety Company, plaintiff, as surety for said first contractors.

The commissioners had not, as the statute and contract required, retained twenty per cent. of one of the estimates made by the engineer, to wit, the sum of $1,520. Had this been retained, the amount demanded of the contractors' surety would have been only $7,885.

The National Surety Company, under protest and because of an agreement by the commissioners that payment of the full amount demanded should not prejudice the surety in recovering said $1,520, paid the full amount, and this action is to recover said $1,520.

It is appellant's allegation and claim that the commissioners had an agreement with the engineer that in addition to reporting, as required by statute, estimates of work done, he should deduct the twenty per cent. and report to the commissioners the net amount of partial payments to be made by the commissioners to the contractors. It is alleged that the engineer neglected in the instance named to make the deduction, and that, as the commissioners had paid out all funds available under the contract, it is necessary that a recovery in favor of the commissioners against the engineer and his surety of $1,520 be had, and the commissioners be thus enabled to pay the contractors' surety the amount it will otherwise be damaged.

The prayer was in substance for a judgment against the board for $1,520, and for a decree and order requiring the engineer and his surety to pay said sum to

the commissioners for the benefit of plaintiff and relator.

The statute does not require the engineer to make such deduction. It is not alleged that the engineer's bond is conditioned for the discharge of his alleged contract with the commissioners to make the deduction. Therefore his surety is not liable herein. *State, ex rel.* v. *Galbraith* (1891), 128 Ind. 501, 28 N. E. 127.

The facts stated do not show a liability of the engineer to the National Surety Company directly. This is admitted by appellant, but they assert that equity permits the joinder of such parties defendant as will, in one action, adjust all matters, and in this sense the engineer and his surety are proper defendants, and that, as an action on the engineer's bond can only be prosecuted by the state on relation, it is necessary that the state, on relation of the National Surety Company, be a party plaintiff with the National Surety Company in order to state a cause of action against the engineer's surety on his bond, and that, unless such a joinder of plaintiffs is permitted, it will be necessary for the commissioners, after judgment against them, to sue the engineer on his bond and, if they refuse, that an action in mandate will be necessary to compel the commissioners so to do and that a multiplicity of actions will be avoided by permitting the joinder of plaintiffs herein made.

The rule is that, if a complaint is not good as to all plaintiffs, it is bad as to all. *McIntosh* v. *Zaring* (1897), 150 Ind. 301, 313, 49 N. E. 164; *State, ex rel.* v. *Casper* (1902), 160 Ind. 490, 67 N. E. 185. The complaint of the *State, ex rel. National Surety Company,* is not sufficient as to either defendant.

Therefore, under the rule stated, the demurrers were properly sustained. Judgment affirmed.

Note.—Reported in 121 N. E. 273.