Richard Eugene ADAMS,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 1–780A186.

Court of Appeals of Indiana,
First District.

Oct. 14, 1980.

John E. Pierce, Danville, Palmer Hinkle Keck & Webb, for defendant–appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for plaintiff–appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant–appellant Richard Eugene Adams brings this appeal from a conviction in the Hendricks Superior Court No. 2 of the felony offense of robbery.

## STATEMENT OF THE FACTS

The case at bar originated in the Hendricks Juvenile Court on November 28, 1979, with the filing of a delinquency petition in which it was alleged that the defendant, then seventeen years of age, had committed a delinquent act, i. e. an act that would be a crime if committed by an adult, to wit: knowingly and intentionally taking property from other persons by putting them in fear. Said act allegedly had been committed while armed and thus constituted the offense of robbery, a class B felony. Ind.Code 35–42–5–1 (Supp.1979). The prosecutor also filed a motion for waiver of the juvenile court's jurisdiction to a court which would have had jurisdiction if the act had been committed by an adult. Ind.Code 31–6–2–4 (Supp.1979).

The initial hearing was held on November 28, 1979, during which the defendant was advised of the nature of the charges and of his statutory and constitutional rights. The court noted the defendant had been previ-

ously represented by hired attorney, but was not so represented in this case. The court asked the defendant if he wanted an attorney and stated that if he could not afford one, the court would appoint one for him. The defendant replied that he wanted an attorney. The court then permitted the prosecuting attorney to question the defendant with regard to his and his mother's assets. The court requested the prosecutor's recommendation; the prosecutor stated that he did not believe "they" qualified for "pauper" counsel. Without formal ruling, the court instructed the defendant to speak with his mother about obtaining counsel. If it appeared she would not obtain counsel, the judge asked to be so advised within twenty–four hours.

On December 5, 1979, the day of the waiver hearing, Thomas O'Brien, an attorney who had apparently been contacted during the interim, filed a motion to withdraw his appearance for the reasons that the defendant had not cooperated with him and that the defendant's mother had indicated she no longer wished to have O'Brien represent her son.

At the hearing the prosecuting attorney brought the defendant's lack of counsel to the court's attention, whereupon the court again permitted the prosecuting attorney to inquire as to the "necessity of appointing pauper attorney in this cause for a waiver hearing." The prosecuting attorney questioned both the defendant and his mother regarding their assets, and again stated that "they" would not qualify. The judge found that the defendant did not qualify and informed his mother that she would have to hire an attorney. The court further stated that she had been given the opportunity to hire an attorney since the initial hearing in November and thus commenced the waiver hearing without the defendant being represented by counsel.

The defendant was waived into the Hendricks Superior Court No. 2 where he was convicted of robbery [1] upon a jury verdict.

1. The defendant's brief indicates he was convicted of robbery as a class C rather than a class B felony. We are unable to determine whether this was in fact the case because the judgment refers only to a conviction of robbery

## ISSUE

The issue presented on appeal is whether the juvenile court erred in failing to appoint counsel for the defendant prior to the waiver hearing.

## DISCUSSION AND DECISION

Among the policies of this state and purposes of the corpus of juvenile law elucidated in Ind.Code 31–6–1–1 (Supp.1979) is the policy and purpose "to provide a judicial procedure that insures fair hearings and recognizes and enforces the constitutional and other legal rights of children and their parents." A number of statutory provisions are intended to effectuate that policy and purpose, but of primary importance are those contained in Ind.Code 31–6–7–1 *et seq.* (Supp.1979). We are most concerned with Ind.Code 31–6–7–2 which provides:

"(a) If a child alleged to be a delinquent child does not have an attorney who may represent him without a conflict of interest, and if he has not lawfully waived his right to counsel under section 3 of this chapter, the juvenile court shall appoint counsel for him at the detention hearing, or at the initial hearing, whichever occurs first, or at any earlier time. The court may appoint counsel to represent any child in any other proceeding.

(b) If a parent in proceedings to terminate the parent–child relationship does not have an attorney who may represent him without a conflict of interest, and if he has not lawfully waived his right to counsel under section 3 of this chapter, the juvenile court shall appoint counsel for him at the initial hearing or at any earlier time. The court may appoint counsel to represent any parent in any other proceeding.

(c) Payment for counsel shall be made under IC 31–6–4–18."

"as included in the Information," a document not contained in the record. Whether the conviction was for a class B or class C felony does not materially affect our decision. Ind.Code 31–6–2–4.

In the case at bar the defendant was without counsel at the hearing on waiver from the juvenile court. The defendant asserts the appointment is mandatory in the absence of a waiver of the right to counsel. The State argues neither the defendant nor his mother "qualified" for appointment of counsel, and therefore the mother's failure to obtain counsel constituted a constructive waiver of the right.[2]

In construing a statute we must give effect to the intention of the General Assembly. *Gonser v. Board of Commissioners for Owen County*, (1978) Ind.App., 378 N.E.2d 425. Two or more statutes dealing with a common subject matter will be read *in pari materia* and so as to harmonize and give effect to each. *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County*, (1980) Ind.App., 400 N.E.2d 1187.

Ind.Code 31–6–7–2 conditions the appointment of counsel upon the determination of only two factors: (1) whether the child before the court has an attorney; and (2) whether the child has waived his right to

counsel in accordance with Ind.Code 31–6–7–3. If the juvenile court determines that the child is without an attorney and the child has not waived the right to counsel, the court must appoint counsel to represent the child. *See* Ind.Code 31–6–4–13(c) (Supp.1979).

Ind.Code 31–6–7–2(c) clearly provides that payment for counsel shall be made pursuant to Ind.Code 31–6–4–18.[3] However, it is equally clear that the determination of who shall immediately or ultimately pay the cost is secondary to and completely independent of the determination regarding the appointment.

In accordance with *Kent v. United States*, (1966) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, our Supreme Court held in *Summers v. State*, (1967) 248 Ind. 551, 560, 230 N.E.2d 320, 325.

"[T]he appellant Summers should have a right to a full hearing in the Lake Juvenile Court. He should have the right to counsel at such hearing; the right to confrontation of the witnesses against him; and the right to present evidence, if

---

**2.** The parties do not dispute the fact that there was no waiver pursuant to Ind.Code 31-6 7 - 3(a):

"Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:
(1) By counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or
(2) By the child's custodial parent, guardian, custodian, or guardian ad litem if:
(A) That person knowingly and voluntarily waives the right;
(B) That person has no interest adverse to the child;
(C) Meaningful consultation has occurred between that person and the child; and
(D) The child knowingly and voluntarily joins with the waiver."

**3.** Ind.Code 31-6-4-18 (Supp.1979) provides:

"(a) The cost of any services ordered by the juvenile court for any child or his parent, guardian, or custodian, and the cost of returning a child under IC 31-6-10 shall be paid by the county, and the county council shall provide sufficient funds to meet the court's requirements.
(b) The parent or guardian of the estate of a child adjudicated a delinquent child or a child in need of services is financially respon-

sible for any services ordered by the court unless:
(1) He is unable to pay for them;
(2) Payment would force an unreasonable hardship on the family; or
(3) Justice would not be served by ordering payment.
(c) The parent or guardian of the estate of any child returned to Indiana under the interstate compact on juveniles (IC 31 -6-10) shall reimburse the county for all costs involved in returning the child, whether or not the child has been adjudicated a delinquent child or a child in need of services.
(d) At the dispositional hearing or any other hearing to consider modification of a dispositional decree, the juvenile court may determine the ability of a parent or guardian of the estate, to pay for services provided to himself or his child.
(e) The juvenile court shall require the parent or guardian of the estate to reimburse the county in a manner that will cause the least hardship.
(f) If the parent or guardian of the estate defaults in reimbursing the county, the juvenile court may find him in contempt and may enter judgment for the amount due."

any be available to him, of any circumstances that would entitle him to the benefits that might be afforded to him by the provisions of the Juvenile Act. And it is only after such a hearing that a waiver and order of transfer to the Lake Criminal Court may be lawfully made."
*See Bridges v. State,* (1973) 260 Ind. 651, 299 N.E.2d 616.

Applying the law to facts of the case at bar, we conclude the juvenile court erred in failing to appoint counsel, the waiver was unlawful, and the conviction must therefore be reversed.

For the foregoing reasons it is now ordered that this cause be remanded to the Hendricks Superior Court with instructions to vacate and expunge any and all records heretofore made below, and to transfer this matter to the Hendricks Juvenile Court for further proceedings by that court in accordance with this opinion.

Reversed and remanded.

ROBERTSON, P. J., and RATLIFF, J., concur.