**Robert D. WOOLF, Appellant (Respondent Below),**

v.

**STATE of Indiana, Appellee (Petitioner Below).**

No. 32A01–8907–JV–249.

Court of Appeals of Indiana, First District.

Oct. 26, 1989.

John E. Pierce, Philip L. Gundlach, Hinkle Keck & Hinkle, Danville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

Harold W. Blake, Duncan & Blake, Associates, Brownsburg, amicus curiae.

ROBERTSON, Judge.

Counsel for appellant-respondent Robert D. Woolf appeals from an order of the juvenile court denying him attorney fees paid by the county for counsel's representation of Woolf in a juvenile delinquency proceeding.

We reverse.

The State brought a juvenile petition alleging Woolf had committed sexual battery, an offense which would be a crime if committed by an adult. After an initial hearing on October 5, 1988, Hendricks Circuit Judge Jeffrey Boles appointed Harold Blake, a public defender, to represent Woolf. Blake was allowed to withdraw upon his own request, and the court appointed three other attorneys in succession, each of whom had to withdraw because of ethical conflicts.

On October 26, 1988, the court appointed Philip Gundlach to represent Woolf. On November 22, 1988 the court dismissed the case on Gundlach's motion, because the case was "too old." Thereafter, Gundlach submitted his claim for attorney fees and expenses to Judge Boles. Gundlach had billed 43.20 hours at $35.00 per hour, totalling $1,512.00. In addition, Gundlach sought reimbursement for witness fees and photocopying expense. On November 30, the court ordered $322.80 of Gundlach's fee be paid from county funds, and entered a judgment against Woolf and his parents in favor of Gundlach in the amount of $1,212.00.

On December 5, in response to a letter written by John Pierce of Gundlach's firm, Judge Boles vacated his November 30th order and promised to "review the status of the matter." When no ruling was forthcoming, Gundlach filed a "request for ruling." On February 14, 1989, Judge Boles issued a ruling in which he questioned the propriety of burdening taxpayers with Gundlach's fee, since Woolf's parents had the means to pay it. Judge Boles also took issue with Gundlach's fee for over 43 hours of work in the case when the court had indicated during the pendency of the case it was willing to dismiss the case. The court concluded the order with the following directive:

> Court orders the attorneys to confer and notify the Court in writing of the results of their conference no later than March 31, 1989. Court advises all parties that under no circumstances will the taxpayers of Hendricks County be required by this Court to pay legal costs on the extraordinary bill submitted by Mr. Gundlach.

A number of recriminating letters and actions followed which are not germane to our resolution of this appeal. On April 14, Gundlach filed a motion to correct error from Judge Boles' February 14 order. It was denied on April 24, 1989. Gundlach then perfected this appeal. In addition to the usual complement of briefs, we are edified further by the Hendricks Circuit Court Public Defender, who files as an amicus curiae.

Although the parties have identified three issues which they present on appeal, one issue is dispositive: whether the court erred in ruling that court-appointed counsel must look to his client's parents for payment of his fee, rather than seek payment from the county? [1]

■ Indiana's Juvenile Code provides for the court to appoint counsel for a child alleged to be a delinquent child. IND. CODE 31–6–7–2(a). Appointment of counsel is not conditioned on the child's indigency. Rather, the court should consider only two factors: 1) whether the child has an attorney and 2) whether the child has waived his right to counsel. *Adams v. State* (1980), Ind.App., 411 N.E.2d 160.

■ As set out at I.C. 31–6–7–2(c), payment for court-appointed counsel of a child alleged to be delinquent is made pursuant to I.C. 31–6–4–18. *Id.* I.C. 31–6–4–18 reads in part:

(a) The cost of any services ordered by the juvenile court for any child, or the child's parent, guardian, or custodian, and the cost of returning a child under IC 31–6–10 shall be paid by the county. The county council shall provide sufficient funds to meet the court's requirements.

Although I.C. 31–6–4–18 does not specify attorney fees, those fees are included in the statute providing that the "cost of any services" be paid by the county, because I.C. 31–6–7–2(c) manifestly refers to I.C. 31–6–4–18. Therefore, the argument of amicus that I.C. 31–6–4–18 does not apply to counsel fees is wholly specious.

The next subdivision of I.C. 31–6–4–18 provides:

(b) The parent or guardian of the estate of a child adjudicated a delinquent child or a child in need of services is financially responsible for any services ordered by the court unless:

(1) the parent or guardian is unable to pay for them;

(2) payment would force an unreasonable hardship on the family; or

(3) justice would not be served by ordering payment.

Hence, had Woolf been adjudicated a delinquent child, the court may have held Woolf's parents financially responsible for legal fees, unless they met any of the three criteria set out. However, Woolf's case was dismissed. His parents could not be held financially responsible for attorney fees for court-appointed counsel. Gundlach's fees should have been paid by the county. Therefore, the court erred when it ruled that Hendricks County would not be required to pay Gundlach's fee. [2]

Amicus defends the action of the court in parceling a portion of the fee to the parents by arguing that the county coffers were depleted, and citing *Board of Commissioners of Miami County v. Mowbray* (1903), 160 Ind. 10, 66 N.E. 46. In that case, counsel who had represented an indigent defendant had claimed fees of $250 from

---

**1.** An issue presented by Gundlach in this cause is whether a salaried public defender is required to reimburse the county when he collects his fee from a client he has represented in his capacity as court-appointed counsel. That issue is not subject to review in this cause. Although a taxpayer may seek to enjoin the unlawful expenditure of county funds, suit should be brought in the name of the taxpayer, *Ransbottom v. State ex rel. Robbins* (1911), 178 Ind. 80, 96 N.E. 762, and the county is a necessary party. *Eder v. Kreiter* (1907), 40 Ind.App. 542, 82 N.E. 552.

**2.** The State asserts that Gundlach has brought this appeal prematurely because the juvenile court has not issued a "final judgment." A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination. *Bozovichar v. State* (1952), 230 Ind. 358, 103 N.E.2d 680. A final judgment is not necessarily the last one in an action. *Id.* A judgment that is conclusive of any question in a case is final as to that question. *Id.* The court's pronouncement that "under no circumstances will the taxpayers of Hendricks County be required by this court to pay legal costs on the extraordinary bill submitted by Mr. Gundlach," is a denial of Gundlach's claim for county-paid counsel fees. Were the court concerned only with the excessiveness of counsel's fee, it had the inherent right to set Gundlach's fee to an amount that, in the court's discretion, was reasonable. *Lowery v. State* (1984), Ind., 471 N.E.2d 258. Since the court found that Woolf's parents were able to pay the fee, then the court finally disposed of Gundlach's claim for county-paid fees in its February 14 order.

the county, which had paid him only the $45 remaining in the county fund for that purpose. The supreme court held that by statute, the court had no power to bind the county for attorney fees for services rendered beyond that amount existing in the county for that purpose. That case was expressly overruled in *Knox County Council v. State* (1940), 217 Ind. 493, 29 N.E.2d 405.

Also, there is no evidence that the Hendricks County fund out of which juvenile services are paid was depleted. Even if depletion of the county fund were an issue here, the county officials responsible for paying claims are in the best position to deny a claim for services normally paid by the county if sufficient funds are unavailable.

Judgment reversed with instructions to determine a reasonable fee for Gundlach's services and submit said claim for payment by the county.

BUCHANAN, J., concurs.

BAKER, J., concurs in part and dissents in part with separate opinion.

BAKER, Judge, concurring and dissenting.

Although I agree with the majority's review of the applicable statutes and precedent, I must respectfully dissent with their decision to remand the cause for further determination of a reasonable counsel fee. Judge Boles's order of November 30, 1988, (referred to in Slip Opinion, p. 591) requiring the county to pay $322.80 of the juvenile's fee and the parents to pay $1,212 of the fee inherently includes a finding that the fee is a reasonable one. No appeal of that determination has been timely instituted. Thus, I would remand with instructions to submit the total claim which Judge Boles has determined to be reasonable, in the sum of $1534.80, for payment by the county.