THE STATE OF NEW JERSEY, RESPONDENT, v. REGINALD O. DRIVER, JR., DEFENDANT-APPELLANT.

Argued April 23, 1962—Decided July 19, 1962.

See, also, 38 *N. J.* 255, 183 *A. 2d* 655.

*Mr. John J. Barry,* First Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph S. Bash,* attorney for Mercer County; *Mr. Stanley E. Rutkowski,* Mercer County Prosecutor, attorney).

*Mr. Edward B. Meredith* argued the cause for appellants (*Messrs. Hervey S. Moore, Jr.* and *Edward B. Meredith,* attorneys, *pro se*).

PER CURIAM. Defendant in this case was convicted of murder in the first degree with a jury recommendation of life imprisonment. Today we have reversed the judgment of conviction and remanded the matter for retrial.

Subsequent to the conviction, assigned counsel for defendant, Hervey S. Moore, Jr., Esq., and Edward B. Meredith, Esq., applied for counsel fees. Affidavits detailing the services were filed and the matter argued at some length in the trial court. An aggregate sum of $6,750 was allowed without apportionment, plus out of pocket expenses. This appeal has been taken from the fee allowance on the ground of inadequacy.

Fees to be allowed counsel assigned to defend indigent defendants in murder cases, and the basic criteria to be applied in fixing them, were considered at length in *State v. Horton*, 34 *N. J.* 518 (1961). There Justice Hall, speaking for this court, declared that:

"* * * the amount awarded should be somewhat more than the mere token or *honorarium* appearing to be the result in many states, even though the recompense must be considerably less than what would be considered full compensation were the accused able to pay. * * * So long as the New Jersey assigned counsel system remains, it seems eminently sound to say that compensation more than token but less than full rate is intended in order to achieve 'a desirable sharing of the economic burden between the Bar and the community' (*Equal Justice* 90), and that neither too high nor too low a rate of compensation is the goal to be sought." At *pages* 531–532.

The opinion pointed out that the guidelines had to be expressed in general terms, and the ultimate determination of fees for work done in preparation for and at trial left primarily to the discretion of the trial court who would reach his result with the guidelines in mind.

A joint affidavit was submitted to the trial judge setting forth that the attorneys spent a total of 888 hours in investigation, conferences with witnesses and experts, argument of motions, preparation of briefs on motions, prosecuting an appeal to the Supreme Court from a trial court ruling on pretrial discovery, and preparation for trial. The trial consumed 20 days, 5 days in selecting the jury and 15 days of actual trial.

As the trial judge observed, the lengthy affidavit itemizes each activity engaged in and the hours spent on it. The hours specified in each instance are joint hours indicating (with a few exceptions) that both attorneys were engaged in each activity. Without in any way disparaging the conscientiousness, industry and effort employed in the handling of the case, the court indicated a feeling that in a number of situations the presence of one attorney would have suffered. His comment was made solely in the discharge of the obligation imposed under *State v. Horton, supra,* to give adequate consideration to both the public and private interests involved. It may be noted that the appointments here of two senior counsel were made prior to the decision in *Horton* where we pointed out that senior and junior counsel should be appointed and compensated accordingly, and duplication of services avoided. 34 *N. J.,* at *p.* 533.

In making the lump sum allowance of $6,750 for both attorneys, the trial court did not discuss the method used in reaching that figure. That is, he did not state the portion granted for pretrial work or for actual trial time. There is a fairly clear indication, however, that he allocated $750 for work done on the interlocutory appeal, thus leaving $6,000 for all preparatory and trial work in his court.

At this juncture, reference must be made to the footnote on page 535 in *State v. Horton, supra.* Its tenor is this: In all murder cases where an appeal is to be taken, whether from an interlocutory order or from final judgment, the attorney or attorneys must be appointed specially by this court. Application shall be made to us for the purpose, regardless of whether the trial court appointed counsel for defense at that level. But ordinarily such assigned counsel will be designated by us to handle the appeal. All fees for the appellate work will be fixed by this court. See *R. R.* 1:12–9(*f*) effective September 11, 1961.

In the present case there was no application for designation of appellate counsel to prosecute the interlocutory

appeal, although on motion, made by the attorneys already in the case, we granted leave to appeal. All of this was done before *Horton* was decided and when the procedural aspects of attorney participation in such appeals were not entirely clear. (As an aside, it may be noted that, as prescribed by *Horton,* present counsel applied to us for and received appointment to prosecute the appeal from the final judgment of conviction.) It seems likely, under the circumstances, that the trial court included an allowance for the interlocutory appeal because it was then realized that we had made no appointment of counsel for the purpose. Such action was not necessary nor was there actual authority to take it. This does not mean that we would have denied fees. Under the unusual circumstances, since leave to appeal was granted at the behest of Messrs. Moore and Meredith, we would have regarded their appointment as implicit in the order authorizing the appeal. In any event, to bring that aspect of the matter to conclusion, the inclusion of an allowance for the interlocutory appeal is approved and, as to the amount, assuming that it was in fact $750, we cannot say that it is so inadequate as to reveal a mistaken exercise of discretion.

With regard to the reasonableness of the joint fee of $6,000 (assuming $750 was granted for the appeal) for services rendered at the trial level, a difficult problem presents itself. Appellate review is of the discretion of the trial judge who had his fingers on the pulse of the case and actual knowledge of its progress, and interference by us is rarely justified. In this case, however, we have had the opportunity of reading the 16 volumes of testimony and argument (excluding the *voir dire*) arising from the trial. In addition, we heard two appeals, which further familiarized us with the exacting and special need for pretrial investigation and preparation, both on the facts and the applicable law. Under these special circumstances, which provide a particular basis for evaluation, the trial court's

allowance seems somewhat inadequate. In our judgment, it should be increased by an additional $1,500, and such an order of modification may be entered.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.