**Jim LOWERY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**In re Claim of Lawrence D. GIDDINGS and Seth B. Lewis For Payment of Pauper Attorney Fees In the Above Noted Cause.**

**No. 184 S 11.**

Supreme Court of Indiana.

Nov. 28, 1984.

Lawrence D. Giddings, Peyton, Giddings, Whitsitt Baker & McClure, Lebanon, Seth B. Lewis, Danville, for appellant.

Lawrence B. O'Connell and James A. Gothard, Gothard, Poelstra & O'Connell, Lafayette, for appellee.

PIVARNIK, Justice.

This is an appeal from the trial court's refusal to order payment of a balance of pauper attorney's fees incurred in the defense of a capital murder death penalty case. Appellants are court appointed counsel who represented James Lowery in cause No. CCRV 882–92 in the Hendricks Circuit Court. The cause originated in the Tippecanoe County Superior Court. Change of venue was perfected to Boone Superior Court and in January, 1980, Appellant Lawrence Giddings was appointed as counsel for Lowery in that court. Giddings accepted that appointment under an agreed fee rate of forty ($40.00) dollars per hour. Trial was held in June, 1980, and resulted in a guilty verdict with a judgment of death. Giddings and his co-counsel in that trial were paid fees and expenses of $11,561.13, and subsequently were paid additional fees and expenses of $7,268.26, for taking an appeal to this Court. That appeal resulted in the reversal of Lowery's conviction and a new trial was ordered by this Court. By agreement with the State the venue was then perfected to the Hendricks Circuit Court. Appellants claim they should be paid for their services in the second trial at the same $40.00 per hour rate they had been paid in the first trial. Hendricks Circuit Judge J.V. Boles took the position that there had been a flat fee agreement of $15,000.00 for the second trial and refused to authorize the payment of additional amounts over $15,000.00.

The issues presented for review by appellants are:

1. that the trial court's findings regarding fees were unsupported by the record and evidence and were contrary to law, that the trial court abused his discretion in refusing to order additional attorney fees paid, and that he did not make a fair and impartial judgment; and

2. the trial court wrongfully refused to remain bound by a compromise settlement reached in the cause.

I

Unfortunately the rather narrow issues presented to us in this appeal have been somewhat clouded by personal feelings that arose between Judge Boles and the appellant attorneys in the course of this controversy. We will not indulge the claims and counterclaims made in that regard as they are not germane to the resolution of the issues before us. The facts show that at no time in the present trial was there any agreement or even discussion regarding a fee of $40.00 per hour to be paid to counsel. In an organizational pretrial meeting Judge Boles asked appellants if they could give him a figure on fees that would be required to try the cause. Both Attorney Giddings and Lewis told Judge Boles it would be difficult for them to give an exact figure but they did give an estimate of $15,000.00. Counsel claim this estimate was intended by them to be only that, an estimate, based on the rate of $40.00 an hour plus out-of-pocket expenses. Judge Boles interpreted this to mean that $15,000.00 was the top figure and that he would be advised if it appeared additional amounts would be required. The record shows Judge Boles then contacted Judge Gollmitzer, the Superior Court Judge from whose court this cause originated, and the County Council of Tippecanoe County and gave them estimates of cost of change of venue items that would be expected to be paid to Hendricks County for trial of the cause. Among those figures was $15,-000.00 for attorney's fees. Judge Boles also notified the Tippecanoe County Council and Judge Gollmitzer that if there was an increase in any of the figures, notice would be given and justification presented ahead of incurring such cost. The record further shows that pursuant to agreement, appellant counsel twice requested advance payments of attorney's fees and received such advance payments totalling approximately $6,500.00. In neither of these claims for advance payments was there an itemization based on $40.00 an hour plus out-of-pocket expenses. In fact, the claims did not show itemization at all. Finally, the balance was paid to counsel totalling payment for their services to $15,000.00. After the controversy arose as to the payment of additional fees, both attorney Giddings and Lewis withdrew from the cause with Judge Boles' permission. In Judge Boles' opinion the $15,000.00 was to include an appeal to this Court as well as the trial of the cause. Attorneys Giddings and Lewis claim there never was any agreement as to an appeal. Nothing in the record reflects an agreement that counsel would perfect an appeal for the $15,000.00, but we do not think that fact is pertinent to the resolution of the issues.

Appellant complains of Judge Boles' findings made in a hearing held on June 21, 1983, concerning Appellants' claim for additional fees. Only attorneys Giddings and Lewis testified at the hearing. They put into evidence the number of hours and expenses they had incurred in the trial, and made a request for an additional payment of approximately $10,000.00. They claimed there was never an agreement to try this cause for a flat fee of $15,000.00. Their understanding was they were working under the original agreement of $40.00 per hour. Neither the State nor County cross-examined either Attorney Giddings or Lewis and no further evidence was offered. Judge Boles discussed with counsel the fact that he would consider other matters in the record in reaching his judgment and then took the judgment under advisement. Since Judge Boles did not then enter judgment on the subject, attorneys Giddings and Lewis filed a petition with this Court for a permanent writ of mandamus asking Judge Boles be ordered to do that which he legally ought to do, "enter a judgment with regard to additional fees." Hearing on the petition for writ was had before this Court on August 30, 1983, and Judge Boles was ordered to: 1) determine the worth of Appellants' services to the defendant, 2) determine the amount paid to date, and 3) determine the balance due to Appellants. On

that same date, Judge Boles made findings and entered a judgment. Appellants now complaint of Judge Boles' findings that there had never been an agreement to pay Appellants $40.00 per hour and that there was an agreement of a flat fee of $15,-000.00. On September 2, 1983, Judge Boles made the following entry and judgment:

And afterwards to-wit, September 2, 1983, before the Honorable J.V. Boles, Judge thereof, the following proceedings were had: The Court notes for the record that the Permanent writ of Mandamus was received after the Hendricks Circuit Court entered its order of 8–30–83 which was based upon the court notes made at the mandate hearing in the Indiana Supreme Court on the afternoon of August 30, 1983, and the Hendricks Circuit Court's promise to the Supreme Court of Indiana in the mandate hearing to have an order by 4:00 p.m. August 30, 1983. And therefore, for the Hendricks Circuit Court to be fully in compliance with the Permanent Writ of Mandamus, the Hendricks Circuit Court hereby vacates the order of 6–30–83 Findings of Fact entered and reaffirms the order of August 30, 1983 and further finds that the Hendricks Circuit Court can not Specifically determine the worth of the services of attorneys Giddings and Lewis because Lawrence D. Giddings and Seth B. Lewis did not perfect the appeal as they had agreed but the Hendricks Circuit Court finds the worth of the services is no more than $15,000.00 and Lawrence D. Giddings and Seth B. Lewis have been paid $15,000.00 and there is no balance due to Lawrence D. Giddings and Seth B. Lewis. Order entered September 2, 1983, at 12:45 p.m.

Lewis and Giddings then timely filed their motion to correct errors on October 25, 1983. The motion was overruled and this appeal followed.

Appellants' claim of error in Judge Boles' findings is based on the mistaken belief that the judge was limited in making his determination of additional fees to the testimony he heard at the June 21, 1983 hearing. That testimony, as we already have indicated, included only the testimony of Giddings and Lewis which set out their hours and expenses and indicated that rather than a flat $15,000.00 fee agreement, there was an agreement for $40.00 an hour. The response of the State and County to this contention is that it is difficult to say there was a clear agreement of a $15,-000.00 flat fee, but there also is a lack of showing that there was an agreement to pay the sum of $40.00 per hour. With this we tend to agree.

The resolution of the issue then must be based on the fact that the setting of attorney's fees in a situation such as this is a purely discretionary matter and we review it only to determine whether the trial judge abused his discretion. Germane to that determination is the reasonableness of the fee allowed. Judge Boles was not limited to the testimony of Giddings and Lewis at the hearing but was to consider all the facts and circumstances known to him as the trial judge.

This Court held in *Knox County Council v. State ex rel McCormick*, (1940) 217 Ind. 493, 29 N.E.2d 405, that the trial court has the inherent right to set attorney's fees. It is well established that every person has a right to counsel when charged with crime and a poor person not able to hire counsel for himself requires counsel to be appointed for him at the expense of the county. A member of the Bar appointed to perform such services is not required to serve without compensation and it is the duty of the trial judge to see that he is adequately paid. Following *Knox*, in *State ex rel. White v. Hilgemann*, (1941) 218 Ind. 572, 34 N.E.2d 129, this Court stated: "We have held that attorneys appointed by the court to defend poor persons in criminal actions cannot be required to serve without compensation; that the Constitution requires that such persons shall have counsel; and that courts have inherent power to incur the expense and order compensation for counsel paid out of county funds." *Knox County v.*

*State ex rel. McCormick, supra.* In *McAfee v. State ex rel. Stodola,* (1972) 258 Ind. 677, 284 N.E.2d 778 *reh. denied,* this Court again discussed the authority of the trial court to discharge its duties in the payment of fees and expenses incident to causes tried by it. The test on review of the court's judgment is a question of whether the court has abused its discretion in the exercise of its authority and his judgment will not be disturbed unless there is a showing of such abuse. *Accord, Hill v. Superior Court,* (1956) 46 Cal.2d 169, 293 P.2d 10; *State v. Mempa,* (1970) 78 Wash.2d 530, 477 P.2d 178; *State v. Driver,* (1962) 38 N.J. 294, 183 A.2d 676; *Gant v. State,* (1968) Fla.App., 216 So.2d 44.

■ The issue of reasonableness of court appointed pauper attorney fees in criminal cases has rarely been dealt with in Indiana case law. However, civil cases concerning the reasonableness of court determined attorney fees abound. *See, e.g., Rice v. Rice,* (1984) Ind.App., 460 N.E.2d 1228; *Williams v. Williams,* (1984) Ind.App., 460 N.E.2d 1226, *trans. denied; Zebrowski and Associates, Inc. v. City of Indianapolis,* (1983) Ind.App., 457 N.E.2d 259; *Page v. Schrenker,* (1982) Ind.App., 439 N.E.2d 694, *reh. denied.* The standard upon review for civil and criminal cases is the same; we determine whether the trial court abused its discretion in determining a reasonable attorney fee. In the recent case of *Canaday v. Canaday,* (1984) Ind. App., 467 N.E.2d 783, the Court of Appeals stated as follows:

"What constitutes a reasonable attorney fee is a matter largely within the court's discretion. *Svetich v. Svetich,* (1981) Ind.App., 425 N.E.2d 191.... [S]ince the judge is considered an expert, our decisions continue to adhere to the view that he may judicially know what constitutes a reasonable fee. *Farthing v. Farthing,* (1978) 178 Ind.App. 336, 382 N.E.2d 941. He is accordingly not bound to accept the evidence presented as to the reasonable value of an attorney's services. *McBride v. McBride,* (1981) Ind. App., 427 N.E.2d 1148."

These same principles apply with equal weight to the issue before us now.

■ It has not been shown here that Judge Boles abused his discretion in the finding that $15,000.00 was an adequate amount to pay Appellants here. A sum of just over $11,000.00 was paid for the first trial and it could be presumed the second trial could reasonably be compared to the first. In fact, the second trial would not entail same effort and expenses, such as discovery and interviews of witnesses, expended on the first trial. In view of all the facts and circumstances before Judge Boles we cannot say he abused his discretion in limiting the fees to $15,000.00, as no facts are shown to indicate this was unreasonable compensation for the services rendered and expenses paid by Appellants.

## II

While the controversy over the payment of additional fees was going on in August, 1983, Judge Boles agreed with counsel to reconcile their differences by compromising their claim so that Judge Gollmitzer and the Tippecanoe County Council might agree to an additional payment of $5500.00 to them. He agreed he would go before the Tippecanoe County Council with the attorneys and attempt to convince them that the settlement amount should be paid. After further conflicts arose, Judge Boles withdrew his compromise agreement and advised counsel they could go before the Tippecanoe County Council and request further funds if they desired but he would not order such amounts or assist them.

■ Appellants now claim Judge Boles was bound by the settlement agreement and asked this Court to order him to comply with it. The attempt by Judge Boles to settle this matter by agreeing to assist counsel in attempting to get for them an additional $5500.00 was not a binding contract that this Court can enforce. Pursuant to Ind.Code § 35-36-6-9, any fee ordered by Boles as the venue judge had to be approved by the originating trial court which in this case was Judge Gollmitzer. The original trial court determines the

amount of the fee and the expenses incurred by pauper counsel and it is his order to the Council of the originating county that orders the funds appropriated so that counsel can be paid. This was done in the original $15,000.00. Judge Boles submitted to Judge Gollmitzer and the Tippecanoe County Council the $15,000.00 figure and it was approved by them and paid. When Judge Boles suggested an additional payment of $5500.00, Judge Gollmitzer objected to it and indicated he would not agree to such a payment. When Appellant counsel went before the Tippecanoe County Council to obtain the additional $5500.00, that Council refused to make any payment unless Judge Gollmitzer approved said payment. All parties were aware of the need to have the approval of Judge Gollmitzer and the Tippecanoe County Council as that was discussed by them and was part of the compromise. As we have stated above, Judge Boles indicated he would attempt to get approval of Judge Gollmitzer and the Tippecanoe County Council. He did not get such approval and, furthermore, decided to withdraw participation in such a request. He had the authority to withdraw and violated no contract obligation in so doing. No error is accordingly presented to us on this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., concurs in result without opinion.