Chester E. GRAVES,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 82A01–8607–CR–176.

Court of Appeals of Indiana,
First District.

Feb. 26, 1987.

Dennis Brinkmeyer, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Chester E. Graves appeals his conviction of dealing in marijuana, a class A misdemeanor,[1] contending he was denied his right to counsel and that the evidence is insufficient to sustain his conviction. Because we agree Graves was denied his right to counsel, we reverse and remand for a new trial.

## FACTS

Evansville police officers saw Graves remove a plastic bag from a paper sack and hand it to one Biggs. The officers immediately approached and obtained the plastic bag. They also retrieved the paper bag from a nearby trash container where the bag had been dropped and found it to contain several plastic bags. The plastic bag handed to Biggs, as well as the others, contained marijuana as confirmed by laboratory tests. Graves had $513 in his pocket. Biggs was charged with delivery of marijuana. His request for a public defender was denied by the trial court. The record shows Graves was an unemployed student attending Indiana Vocational Technical College (Ivy Tech) on student loans. His bail of $250 was posted by his cousin. Not being afforded counsel at public expense, Graves acted as his own counsel. Other relevant facts are stated in our discussion of the issue.

---

1. Indiana Code section 35–48–4–10(a).

## ISSUE

The only issue which we need decide is whether Graves was denied his constitutional right to counsel.

## DISCUSSION AND DECISION

 Every person charged with crime has a right to counsel and a poor person unable to employ an attorney to represent him has a right to have counsel provided him at public expense. *Lowery v. State* (1984), Ind., 471 N.E.2d 258. Both the Sixth Amendment to the Constitution of the United States and Art. 1, Sec. 13 of the Indiana Constitution guarantee an indigent defendant the right to counsel. *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29. This is true in misdemeanor cases as well as in felony charges. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Moore v. State* (1980), 273 Ind. 3, 401 N.E.2d 676. A failure to permit any defendant to have counsel constitutes a deprivation of that defendant's constitutional right to due process of law. *Spinks v. State* (1982), Ind., 437 N.E.2d 963. The purpose of the guarantee of the right to counsel is to protect a defendant from being convicted because of his own ignorance of his legal and constitutional rights and to assure him of the guidance of counsel throughout the proceeding. *Koehler v. State* (1986), Ind., 499 N.E.2d 196. Correlative to the right to representation by counsel is the right of a defendant to waive counsel and represent himself. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Jackson*, at 31.

In *Mitchell v. State* (1981), Ind.App., 417 N.E.2d 364, Judge Neal, quoting extensively from *Moore*, reviewed the rules generally as they pertain to the right to counsel and waiver of that right. There, we said that failure to permit a defendant to have counsel deprives him of a fair trial and denies due process. An indigent defendant must be provided counsel at public expense. In determining indigency no specific monetary guidelines can be set, but there are several factors which must be considered. *Mitchell*, at 368.

 To be entitled to counsel at public expense a defendant does not have to be totally without means. If he legitimately lacks financial resources to employ counsel without imposing a substantial hardship upon himself or his family, counsel must be provided him. The determination of indigency cannot be made on a superficial examination of the defendant's income and property. Rather, it must be based upon as thorough an examination of his total financial situation as is practical including a balancing of assets against liabilities and a consideration of his disposable income and other available resources reasonably available to him after payment of fixed obligations. The fact that defendant was able to post bond is not determinative of his non-indigency but is merely a factor to be considered in making such determination. *Mitchell*, at 368.

 If a defendant elects self-representation and waiver of counsel, such election must be made knowingly and voluntarily. The trial judge must establish a record showing the defendant was made aware of the consequences of his choice and that he was proceeding with his eyes wide open. Merely making the defendant aware of his constitutional right to counsel is insufficient. *Phillips v. State* (1982), Ind.App., 433 N.E.2d 800; *Mitchell*, at 369; *Wallace v. State* (1977), 172 Ind.App. 535, 361 N.E.2d 159, *trans. denied.*

To demonstrate that the trial court neither adequately discharged its responsibility to determine Graves's indigency nor whether his election of self-representation was done knowingly, voluntarily, and intelligently, we set out the entire record bearing upon those matters, as follows:

*"August 17, 1985*

*"Initial Hearing begins before the Court:*

"THE COURT: Mr Graves, you have the right to have your lawyer here with you. I'll give you time to get a lawyer. If you don't have the money to hire a lawyer, I will appoint one to represent you. You

have the right to have a speedy trial by jury or by Court, to know the amount and conditions of bond, and you have the right to remain silent. Do you understand your rights?

"CHESTER GRAVES: Yes.

"THE COURT: Do you want to have a lawyer to represent you in this case?

"CHESTER GRAVES: Can I have a public defender, I don't have any money.

"THE COURT: Are you employed?

"CHESTER GRAVES: No. I'm just going to school.

"THE COURT: Where do you go to school?

"CHESTER GRAVES: IVY Tech.

"THE COURT: How do you get money to go there?

"CHESTER GRAVES: Tuition, I get a grant, and I got a student loan.

"THE COURT: Okay, how much is that?

"CHESTER GRAVES: Eighteen hundred dollars.

"THE COURT: Do you have that money with you?

"CHESTER GRAVES: No, I had five hundred and thirteen dollars, they took it.

"THE COURT: Is that in your property?

"CHESTER GRAVES: No, they put it, uh, dealing marijuana, but I wasn't dealing it, I mean I was trying, getting ready to buy some . . .

"THE COURT: Okay, I don't want to hear about the case. I'm trying to find out if you have any money at the jail.

"CHESTER GRAVES: No, not upstairs I don't.

"THE COURT: Did they take the cash off of you?

"CHESTER GRAVES: Yes, that's what they took off me.

"THE COURT: How much?

"CHESTER GRAVES: Five hundred and thirteen dollars, my tuition.

"THE COURT: I'll give you a week to hire a lawyer. You will need to be back in Court on August 23rd at 9:00 a.m. with your lawyer. In the meantime, Mr. Graves, where do you live?

"CHESTER GRAVES: 311 Madison.

"THE COURT: Who else lives there?

"CHESTER GRAVES: My mother.

"THE COURT: How long have you lived in Evansville?

"CHESTER GRAVES: All of my life.

"THE COURT: Bond will be two hundred and fifty dollars cash.

"CHESTER GRAVES: May I say something? Is there anyway I can get my five hundred and thirteen dollars so I can pay my bonds money?

"THE COURT: Well, is that in your property?

"BARBARA WILLIAMS: Your Honor, the State would object to that. It is not in his property and it was confiscated for the purpose of it being evidence.

"THE COURT: It won't be released until the case is over Mr. Graves. You may have a seat."

Record at B and C.

At the continuation of the initial hearing on August 23, 1985, the following colloquy occurred:

"THE COURT: Do you want to hire an attorney to represent you?

"CHESTER GRAVES: I'd like to have a Public Defender because I can't afford one.

"THE COURT: I find you not to be indigent, you posted a $250.00 cash bond. There's no way I'm going to appoint a Public Defender for you.

"CHESTER GRAVES: My cousin posted the bond, because she got the loan.

"THE COURT: Then borrow the money from him to hire a lawyer. Are you going to hire a lawyer to represent you[?]

"CHESTER GRAVES: No.

"THE COURT: Are you going to proceed without a lawyer?

"CHESTER GRAVES: Yes.

"THE COURT: Do you understand if convicted of this charge, you could receive up to one year in prison and a fine of up to $5,000.00.

"CHESTER GRAVES: I'm pleading not guilty. I'm going to plead not guilty because they haven't proved that uh ...

"THE COURT: Are you going to represent yourself at your trial?

"CHESTER GRAVES: Yes.

"THE COURT: Do you understand if I set a trial date today, that I'm not going to allow you to come in at a later date with a lawyer and get that trial continued?

"CHESTER GRAVES: That's right. Is there any way that I can get my school tuitions from IVY Tech that they took from me for evidence for finding, uh ...

"THE COURT: All I know, and all that the police know is that that is proceeds from dealing in marijuana and is, in fact, evidence.... Mr. Graves, we are going to set a trial date. There will be no continuances for lack of counsel. Do you understand that? Are you going to hire a lawyer to represent you?

"CHESTER GRAVES: No, I'm going to represent myself."

Record at I and J.

We think it clear from the foregoing that the trial judge made no thorough inquiry into Graves's financial condition. The conclusion seems inescapable that Graves was denied counsel merely because he posted bond. Yet the record is uncontraverted that Graves was an unemployed student attending school on borrowed money and that his cousin posted his bail. Perhaps a proper inquiry would have contradicted these facts, but no such investigation was made. The record before us would indicate a defendant entitled to appointment of counsel.

The state cites *Spinks* for the proposition that the determination of whether to appoint counsel is left to the discretion of the trial judge. However, the trial judge does not have unbridled discretion to grant or deny appointment of counsel. The court does not have the discretion to deny counsel to an indigent defendant. On the contrary, appointment of counsel is required.

The state argues that Graves cannot complain of the denial of a public defender because he elected to represent himself. The record here clearly shows Graves's election to represent himself was not voluntary but was because the trial court denied him a public defender. The trial court did not discharge its heavy responsibility to determine if Graves was knowingly, intelligently, and voluntarily waiving his right to counsel and electing self-representation. The trial court never informed Graves of the pitfalls of representing himself. On the record before us, the State's argument that Graves voluntarily elected to waive counsel and represent himself is ludicrous. Rather, his election to represent himself was coerced by his financial inability to hire counsel and the court's denial of appointed counsel. There was no valid waiver of the right to counsel.

Because we reverse on the denial of counsel issue we need not reach the sufficiency question.

Judgment reversed and cause remanded for a new trial.

ROBERTSON and NEAL, JJ., concur.