Johnny C. JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A04–9405–CR–174.

Court of Appeals of Indiana, Fourth District.

Sept. 29, 1994.

Alan K. Wilson, Muncie, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen. Indianapolis, for appellee.

## STATEMENT OF THE CASE

RILEY, Judge.

Defendant–Appellant Johnny C. Johnson (Johnson) appeals from the revocation of his probation. We reverse and remand.

## ISSUE

Johnson raises two issues which we consolidate as follows: Whether the trial court erred in revoking Johnson's probation when he was unrepresented by counsel and the trial court failed to determine whether he waived his right to counsel and failed to determine whether he desired and qualified for appointed counsel.

## FACTS AND PROCEDURAL HISTORY

In June, 1991, Johnson was charged by information with operating a vehicle while intoxicated, a class A misdemeanor; [1] operat-

ing a vehicle with a blood alcohol content of .10% or more, a class C misdemeanor; [2] and operating a vehicle while intoxicated, a class D felony.[3] Pursuant to the terms of a written plea agreement, Johnson pled guilty to the charge of operating a vehicle while intoxicated, a class A misdemeanor. Johnson was sentenced to a one year suspended sentence. He was placed on supervised probation for one year. A petition for revocation of probation was filed in November, 1992. Johnson's counsel withdrew his appearance before the revocation hearing, and Johnson was not represented by counsel at any of the future hearings. Johnson's probation was eventually revoked. Johnson appeals.

## DISCUSSION AND DECISION

[1] A probation revocation proceeding is civil in nature and the alleged violation need be proven only by a preponderance of the evidence. Because a revocation proceeding is civil in nature, a probationer does not possess all of the rights he had prior to his conviction. However, a probationer is granted certain due process protections. These protections include "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body. Indiana Code § 35–38–2–3(d) [ (1988) ] also ensures the probationer the right to confrontation, cross-examination, and representation by counsel." *State v. Cass* (1994), Ind.App., 635 N.E.2d 225, 226 (citing *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 148, *cert. denied* —— U.S. ——, 113 S.Ct. 2373, 124 L.Ed.2d 278). I.C. 35–38–2–3(e) (1993 Supp.) provides that "[t]he [S]tate must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel."

The record reveals that Johnson appeared in court no less than seven times without the assistance of counsel. The initial revocation

---

1. IND. CODE 9–11–2–2 (repealed, now found at I.C. 9–30–5–2 (1993 Supp.).

2. I.C. 9–11–2–1(a) (repealed, now found at I.C. 9–30–5–1 (1993 Supp.).

3. I.C. 9–11–2–3 (repealed, now found at I.C. 9–30–5–3 (1993 Supp.).

hearing was held on February 26, 1993. Johnson's probation was revoked, and he was ordered to serve his one year sentence on electronically monitored home detention. On June 8, 1993, another hearing was held wherein the court authorized the filing of a petition to revoke Johnson's home detention because of three violations. On July 21, 1993, the court held an initial hearing on the revocation petition. Johnson denied the allegations and the matter was set for hearing. On December 28, 1993, Johnson was called to court but the court granted Community Corrections' motion to continue the cause until January 18, 1994. On January 11, 1994, Johnson was again in court due to further violations. He was ordered held without bond until the dispositional hearing. The dispositional hearing was held on January 18, 1994. The court executed the one year suspended sentence and added six months for Johnson's contempt of the court's previous orders. This sentence was ordered to be served on work release. On March 15, 1994, Johnson's work release was revoked.

The record reveals the following colloquy between Johnson and the court at the February, 1993, initial hearing on revocation:

THE DEFENDANT: I just wish my lawyer was here, I mean.

THE COURT: Well, your lawyer would be here if you kept in touch with him, or paid him. But he asked to withdraw and I am not going to order him to represent you when he can't keep in touch with you and you didn't show up, he did, this last time. Any recommendations or any questions?

(R. 74–75). The court made the foregoing comments yet failed to accommodate Johnson's right to be represented by counsel.

At the revocation of home detention status, the court commented that Johnson was previously represented by counsel, but that his counsel withdrew. The court established that Johnson did not have an attorney and did not intend to "retain an attorney." (R. 80–81). However, the court never explored the possibility of appointed counsel or attempted to determine Johnson's indigent status. At the July 21, 1993, hearing the court established that Johnson did not have an

attorney, yet failed to pursue it any further. At the home detention violation hearing on January 11, 1994, Johnson explained to the court that he had lost his job, and couldn't pay his bills. Even with this information, the court failed to offer appointed counsel. At the final dispositional hearing, when Johnson asked the court if he could say something, the court responded: "[n]o, not now. The time to speak or the time to do what you're suppose[d] to do is passed, Mr. ... Johnson, I don't want to hear anything else you have to say...." (R. 149).

It is a judicial function to determine whether counsel shall be appointed at public expense and this determination is within the sound discretion of the trial court. *Bradford v. State* (1990), Ind.App., 550 N.E.2d 1353, 1354 (citing *Moore v. State* (1980), 273 Ind. 3, 401 N.E.2d 676, 678). A defendant does not need to be totally without means to be entitled to court appointed counsel. A court should appoint counsel if a defendant legitimately lacks the financial resources to employ an attorney without imposing substantial hardship on himself. *Id.* There were different presiding judges at each of Johnson's hearings. The record of the various hearings is completely devoid of any attempt by any of the presiding judges to ascertain Johnson's indigent status or to get a knowing waiver of counsel on the record.

### CONCLUSION

We reverse and remand with instructions to hold a new revocation hearing which complies with Johnson's right to counsel.

STATON, J., and RATLIFF, Sr. J. concur.