Raymond HALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–0409–CR–753.

Court of Appeals of Indiana.

April 26, 2005.

Shane E. Beal, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge.

Raymond Hall ("Hall") pled guilty in Grant Superior Court to three counts of Class C felony child molesting, Class D felony providing obscene matter to minors, and Class A misdemeanor exhibition of obscene matter. He was sentenced to an aggregate sentence of twenty years: nineteen years executed and one year suspended. Hall was also ordered to pay one-half of his appellate attorney fees and all costs for preparation of the transcript. Hall appeals and raises two issues which we restate as:

I.  Whether the trial court properly relied on the aggravating circumstance that Hall is in need of correctional treatment that can be best provided by commitment to a penal facility; and

II.  Whether the trial court erred when it ordered Hall to pay appellate attorney fees and costs.

Concluding that Hall's claim that the trial court relied on an improper aggravating circumstance is without merit, but that Hall is indigent and entitled to pauper appellate counsel and a free transcript, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

In 2003, Hall was charged in Grant Superior Court with four counts of Class A felony child molesting, six counts of Class C felony child molesting, Class D felony providing obscene matter to minors, and two counts of Class A misdemeanor exhibition of obscene matter. On March 12, 2004, Hall entered into a plea agreement with the State and agreed to plead guilty to three counts of Class C felony child molesting, Class D felony providing obscene matter to minors, and Class A misdemeanor exhibition of obscene matter. The remaining charges were dismissed.

The plea agreement contained the following provisions concerning sentencing:

> That the State of Indiana and the Defendant agree that the sentences, if this agreement is accepted, shall be:
> a) Count 3 [child molesting]—Eight (8) years;
> b) Count 5 [providing obscene matter to minors]—Three (3) years;
> c) Count 7 [child molesting]—Four (4) years;
> d) Count 10 [child molesting]—Eight (8) years; and,
> e) Count 13 [exhibition of obscene matter]—One (1) year.
>
> The sentences imposed for Counts 3 and 5 shall be served concurrently with each other, but consecutively to all other sentences. The sentences imposed for Counts 10 and 13 shall be served concurrently with each other, but consecutively to all other sentences. Accordingly, the total aggregate sentence pursuant to the terms of this agreement shall be for a period of twenty (20) years. The Court shall determine the amount of said sen-

tence which shall be served as executed time. Any portion of the sentence which is suspended shall be served on formal, supervised probation.

Appellant's App. p. 26.

A sentencing hearing was held on May 3, 2004. In its sentencing order, the trial court found the following aggravating circumstances:

1. The defendant has a history of criminal activity over a period of forty (40) years.

2. The court believes the defendant is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

3. A victim of at least one (1) of these crimes is someone who is legally inform [sic].

4. Another victim was less than twelve (12) years of age when the crime was committed against this victim.

Appellant's App. p. 60. The trial court found as mitigating circumstances that Hall is a decorated military serviceman, imprisonment will result in undue hardship on his family, and that Hall pled guilty. Appellant's App. pp. 60–61. The court determined that the aggravating circumstances outweighed the mitigating circumstances. Hall was then sentenced as provided in the plea agreement, and the court suspended one year of Hall's sentence on Count 10. Therefore, Hall's aggregate sentence was twenty years: nineteen years executed and one year suspended to probation.

On July 30, 2004, Hall filed a motion for appointment of appellate counsel and waiver of appellate fees. Appellant's App. p. 65. A hearing was held on the motion on August 23, 2004, at which Hall argued that he was indigent. Hall stated that his Veterans Administration pension was reduced from $1100 per month to $106 per month when he was incarcerated. Indigency Hearing Tr. p. 3. He also stated that he receives a pension from General Tire in the amount of $670 per month. On August 24, 2004, the trial court issued an order finding that Hall "is only partially able to pay the costs associated with prosecuting his appeal" and appointed pauper appellate counsel. Appellant's App. p. 67. Pursuant to Indiana Code section 33–9–11.5–6,[1] the court ordered Hall to pay one-half of his appellate attorney fees and all of the costs of preparing the transcript at a rate of $100 per month. *Id.* Hall now appeals.

## I. Sentencing

█ Hall argues that the trial court improperly relied on the aggravating circumstance that he is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility. Hall correctly observes that in order to support aggravating a sentence on the basis that the defendant is in need of rehabilitative treatment best provided in a correctional facility, the trial court needs to explain why the defendant requires treatment beyond the presumptive sentence. *Bailey v. State*, 763 N.E.2d 998, 1004 (Ind.2002). The State contends that Hall has waived appellate review of his sentence because he was sentenced as provided in the plea agreement.

█ Plea agreements are contractual in nature, binding the defendant, the State, and the trial court. *Briscoe v. State*, 783 N.E.2d 790, 791 (Ind.Ct.App.2003) (citing *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind.1994)). The trial court has the discretion to reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. *Id.* However,

---

**1.** *See now* Ind.Code § 33–40–3–6 (2004).

once the court "has accepted a plea agreement recommending a specific sentence, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing." *Id.; see also Bennett v. State*, 802 N.E.2d 919, 921–22 (Ind.2004) ("[I]f the court accepts such an agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement."). Finally, we observe that a trial court is not required to provide specific reasons for imposing a sentence pursuant to a plea agreement. *See Silvers v. State*, 499 N.E.2d 249, 253 (Ind.1986).

█ In this case, by accepting the plea agreement, the trial court had no discretion to sentence Hall to any term except that provided for in the agreement, and was therefore required to impose maximum sentences on Hall for four of the five counts and the presumptive sentence for the remaining count.[2] However, the trial court was given the discretion to determine which portion of the sentence would be served as executed time. Appellant's App. p. 26. Hall therefore agreed to serve an aggregate twenty-year sentence for the five convictions subject to the trial court's discretion to suspend any portion of those sentences to supervised probation. Accordingly, we conclude that Hall's claim that the trial court relied upon an improper aggravating circumstance in exercising its discretion to suspend a portion of the sentence must fail, particularly where the

trial court was not required to provide its reasons for imposing the agreed sentence.

## II. Payment of Appellate Attorney Fees and Costs

Hall also argues that the trial court abused its discretion when it appointed appellate counsel for Hall, but ordered him to pay one-half of his appellate attorney fees and all of the costs of preparing the transcript at a rate of $100 per month. Specifically, the trial court found that Hall "is only partially able to pay the costs associated with prosecuting his appeal" and ordered Hall to pay a portion of those fees and costs pursuant to Indiana Code section 33–40–3–6.[3] Appellant's App. p. 67.

Indiana Code section 33–40–3–6 provides in pertinent part:

(a) If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay the costs of representation under section 7 of this chapter, the court shall require payment by the person . . . of the following costs in addition to other costs assessed against the person:

(1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.

(2) Costs incurred by the county as a result of court appointed legal services rendered to the person.

Ind.Code § 33–40–3–6 (2004).[4]

Indiana Code section 33–40–3–7 provides that if a defendant is receiving pub-

---

**2.** Under the terms of the agreement, Hall received eight years for two counts of Class C felony child molesting and four years for one count of Class C felony child molesting. The presumptive sentence for a Class C felony is four years and the maximum sentence is eight years. *See* Ind.Code § 35–50–2–6 (2004). For the Class D felony providing obscene matter to minors count, Hall and the State agreed that he would receive the maximum sentence

of three years. *See* Ind.Code § 35–50–2–7 (2004). Hall also agreed that he would receive the maximum sentence of one year for Class A misdemeanor exhibition of obscene matter. *See* Ind.Code § 35–50–3–2 (2004).

**3.** *Formerly* Ind.Code § 33–9–11.5–6.

**4.** Various conflicting provisions of Indiana Code pertain to appointment of counsel and

licly paid representation, the court shall consider the following factors to determine whether the defendant is able to pay the costs of representation:

> (1) the person's independently held assets and assets available to the spouse of the person or the person's parent if the person is unemancipated;
>
> (2) the person's income;
>
> (3) the person's liabilities; and
>
> (4) the extent of the burden that payment of costs assessed under section 6 of this chapter would impose on the person and the dependents of the person.

Ind.Code § 33–40–3–7 (2004).

▊ Hall argues that the trial court abused its discretion when it failed to find that he is indigent and ordered him to pay appellate attorney fees and costs pursuant to Indiana Code section 33–40–3–6. It is within the trial court's discretion to determine whether counsel shall be appointed at public expense. *Johnson v. State*, 640 N.E.2d 747, 749 (Ind.Ct.App.1994) (citations omitted). *But see Graves v. State*, 503 N.E.2d 1258, 1262 (Ind.Ct.App.1987) ("The court does not have the discretion to deny counsel to an indigent defendant.").

▊ It is not possible to set specific monetary guidelines for the determination of indigency. *Moore v. State*, 273 Ind. 3, 7, 401 N.E.2d 676, 678 (1980). "A defendant does not need to be totally without means to be entitled to court appointed counsel."

*Johnson*, 640 N.E.2d at 749. If the defendant "legitimately lacks the financial resources to employ an attorney, without imposing substantial hardship on himself or his family, the court must appoint counsel to defend him." *Moore*, 273 Ind. at 7, 401 N.E.2d at 678; *see also Graves*, 503 N.E.2d at 1260. The determination of indigency must be based on a thorough examination of the defendant's "total financial picture as is practical," and not on "a superficial examination of income and ownership of property." *Moore*, 273 Ind. at 7, 401 N.E.2d at 679. "The record must show that the determination of ability to pay includes a balancing of assets against liabilities and a consideration of the amount of defendant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations." *Id.; see also Graves*, 503 N.E.2d at 1260.

▊ At the hearing held on Hall's motion for appointment of appellate counsel and waiver of appellate fees, Hall stated that his Veterans Administration pension was reduced from $1100 per month to $106 per month due to his incarceration. Hall also informed the court that he receives approximately $670 per month from his pension with his former employer. Therefore, Hall's total monthly income during his incarceration is $776 per month. However, Hall stated that his wife requires $444 per month for their mortgage payment and there is no equity in their resi-

---

payment of associated costs of representation for indigent criminal defendants. Indiana Code section 35–33–7–6 allows a trial court to impose a fee of $100 on a defendant if the court finds that the defendant is able to pay part of the cost of representation by the assigned counsel. Indiana Code section 33–40–3–6 and Indiana Code section 33–37–2–3 grant trial courts the discretion to impose representation costs against a defendant in excess of $100 in other instances. However,

Indiana Code section 33–40–3–6 applies only in those situations where the court makes a finding of ability to pay the costs of representation, while Indiana Code section 33–37–2–3 applies only to those defendants that the court deems not indigent. *See Mathis v. State*, 776 N.E.2d 1283, 1288 (Ind.Ct.App.2002), *trans. denied* (discussing former sections 33–9–1.5–6 and 33–19–2–3). A thorough legislative consideration of these provisions would be helpful.

dence.[5]   Indigency Hearing Tr. pp. 3–4. After the hearing, Hall was ordered to pay one-half of his appellate attorney fees and all of the costs of preparing the transcript "at a rate of $100.00 per month to the Grant County Clerk beginning September 1, 2004, and shall continue monthly payments until further order of the Court." Appellant's App. p. 67.

After he was incarcerated, Hall's income decreased by nearly $1000 per month. Moreover, his income of $776 per month, or $9312 per year, is well below $12,830, the poverty guideline for a family unit of two.[6]   *See* 2005 Federal Poverty Guidelines *available* *at* http://www.aspe.hhs.gov/poverty/05poverty.htm (last visited on March 10, 2005).[7]   A significant percentage of Hall's income is needed for his modest mortgage payment and there is no equity in his residence. Finally, from the record it does not appear that Hall and his wife have any substantial assets.   Under these facts and circumstances, we conclude that Hall is indigent and the trial court abused its discretion when it found that he is "partially able to pay the costs associated with prosecuting his appeal." Appellant's App. p. 67.

Accordingly, we hold that the trial court abused its discretion when it ordered Hall to pay one-half of his appellate attorney fees and the costs of preparation of the transcript.   Because he is indigent, the trial court was required to provide Hall with pauper appellate counsel and a free transcript.   *See Graves,* 503 N.E.2d at 1262; *see also Wright v. State,* 772 N.E.2d 449, 461 (Ind.Ct.App.2002) ("[C]riminal defendants in Indiana who cannot afford to pay for a transcript are still entitled to one if they are found to be indigent."); Ind. Code § 33–40–8–5 (2004).

## Conclusion

In the plea agreement, Hall agreed to serve an aggregate twenty-year sentence subject to the trial court's discretion to suspend any portion of that sentence to supervised probation.   Therefore, Hall's claim that the trial court relied on an improper aggravating circumstance during sentencing is without merit.   However, the trial court abused its discretion when it failed to find that Hall is indigent, and therefore erred when it ordered Hall to pay one-half of his appellate attorney fees and the costs for preparation of the transcript.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

BAILEY, J., and SULLIVAN, J., concur.

---

5.   At the sentencing hearing, Hall's wife, who is 56, testified that she was laid off from her job at Thomson and will not be eligible for retirement benefits until age 59½.   Tr. pp. 189–90. Except for her severance package from Thomson, she has no other source of income. Tr. p. 191.

6.   The fact that Hall's family is impoverished by federal standards is not dispositive of whether he is indigent, but is a factor courts can consider in making an indigency determination.   *See Elliott v. Elliott,* 634 N.E.2d 1345, 1350 (Ind.Ct.App.1994) (citing *Moore,* 273 Ind. at 7, 401 N.E.2d at 678).

7.   In 2004, the poverty guideline for a family unit of two was $12,490.   *Id.*