**Mark LAMONTE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A05–0411–CR–608.

Court of Appeals of Indiana.

Oct. 13, 2005.

Publication Ordered Dec. 8, 2005.

Ann M. Sutton, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Mark Lamonte ("Lamonte") was convicted in Marion Superior Court of possession of marijuana, a Class A misdemeanor. He was sentenced to 270 days incarceration with credit time for two days served and the remaining days suspended. He was also ordered to pay $400 toward his appeal. Lamonte appeals and raises two issues:

- I. Whether the trial court abused its discretion when it admitted evidence of marijuana found in Lamonte's pockets; and,

- II. Whether the trial court erred when it ordered Lamonte to pay $400 toward appellate attorney fees.

Concluding that the trial court properly admitted evidence of marijuana, but that it erred when it failed to find Lamonte indigent, we affirm in part, reverse in part and remand.

### Facts and Procedural History

On July 14, 2004, Indianapolis Police Officer Steven Spina ("Officer Spina") observed Lamonte and another man sitting in an illegally parked car under a railroad underpass on Shelby Street in Indianapolis. Officer Spina got out of his car to investigate and detected the odor of burnt marijuana. As the two men got out of their vehicle, Officer Spina told them that he smelled burnt marijuana and asked if he could search them. They agreed. During Officer Spina's search of Lamonte, he discovered what appeared to be a silver cigarette case in the front right pocket of Lamonte's shorts. Inside the case, Officer Spina found one marijuana and four tobacco cigarettes. Officer Spina arrested Lamonte.

On July 14, 2004, the State charged Lamonte with possession of marijuana as a Class A misdemeanor. At his initial hearing, Lamonte was found indigent and a public defender was appointed to represent him at trial. A bench trial commenced on August 31, 2004, and Lamonte was convicted. The trial court sentenced Lamonte to 270 days with 268 days suspended.

On October 1, 2004, the trial court held a hearing to determine if Lamonte was indigent for purposes of appeal. At that hearing, Lamonte submitted an affidavit attesting to his homelessness and that he was seeking disability due to continuing symptoms of Crohn's disease. The trial court requested additional proof of Lamonte's illness and set a second indigency hearing for October 6, 2004. At that hearing, Lamonte submitted documents from Horizon House, Gennesaret Free Clinics, and IU Medical Center regarding his condition. Appellant's App. pp. 24–26. The trial court then requested evidence that Lamonte had looked for a job, and set a third hearing for October 20, 2004. At that hearing, Lamonte again testified that he had looked for work, but that as a result of his homelessness and Crohn's disease symptoms, he had been unable to get a job. The court found Lamonte partially indigent and ordered him to pay $400 toward his appeal costs. Lamonte now appeals.

### Discussion and Decision

### I. Admission of Evidence

Lamonte argues that the trial court improperly admitted evidence of

marijuana found in his pockets by Officer Spina. "The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion." *Wright v. State*, 766 N.E.2d 1223, 1229 (Ind.Ct.App.2002) (citation omitted). Lamonte failed to object to the admission of the marijuana evidence at trial. *See* Tr. pp. 6–7. A party's failure to object at trial generally waives the issue for purposes of appeal. *Nasser v. State*, 646 N.E.2d 673, 676 (Ind.Ct.App.1995).

■ Waiver notwithstanding, Lamonte's argument fails. Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Halsema v. State*, 823 N.E.2d 668, 676 (Ind.2005) (citing *Perry v. State*, 638 N.E.2d 1236, 1240 (Ind.1994)). In cases involving a warrantless search, the State bears the burden of proving an exception to the warrant requirement. *Id.* (citing *Short v. State*, 443 N.E.2d 298, 303 (Ind. 1982)). A valid consent is such an exception. *Id.* (citing *Joyner v. State*, 736 N.E.2d 232, 242 (Ind.2000)). When the State seeks to rely upon consent to justify a warrantless search, the State has the burden of proving that the consent was freely and voluntarily given. *Smith v. State*, 713 N.E.2d 338, 342–43 (Ind.Ct.App. 1999), *trans. denied.*

■ The voluntariness of the consent to search is to be determined by consideration of the totality of the circumstances. *Ransom v. State*, 741 N.E.2d 419, 423 (Ind. Ct.App.2000), *trans. denied.* The "totality of the circumstances" from which the voluntariness of a detainee's consent is to be determined includes, but is not limited to: (1) whether the defendant was advised of his Miranda rights prior to the request to search; (2) the defendant's degree of education and intelligence; (3) whether the defendant was advised of his right not to

consent; (4) whether the detainee has previous encounters with law enforcement; (5) whether the officer made any express or implied claims of authority to search without consent; (6) whether the officer was engaged in any illegal action prior to the request; (7) whether the defendant was cooperative previously; and (8) whether the officer was deceptive as to his true identity or the purpose of the search. *Camp v. State*, 751 N.E.2d 299, 304 (Ind. Ct.App.2001), *trans. denied.*

Lamonte asserts his consent was involuntary because he had not been Mirandized and because he was not free to leave. While Lamonte was not advised of his Miranda rights before the officer's request to search him, no such advisement was required as Lamonte was not yet under arrest and was not being interrogated. *See Albrecht v. State*, 737 N.E.2d 719, 727 (Ind.2000) (rights under Miranda apply only to custodial interrogation).

Officer Spina specifically asked Lamonte for permission to search him "to see if [he] had marijuana on [him]." Tr. p. 4. The record indicates that while he was not advised of his right not to consent, Lamonte was cooperative during the entire encounter. Officer Spina did not threaten or attempt to deceive Lamonte. Nor does the record reflect that the officer made any express or implied claims of authority to search without Lamonte's consent. Under these facts and circumstances, we cannot say the trial court erred when it determined Lamonte's consent to the search was voluntary.

## II. Appellate Fees

■ Next, Lamonte argues that the trial court abused its discretion when it ordered him to pay $400 to the supplemental public defender service fund. Specifically, the trial court found Lamonte "partially indigent" but found that he "could

work and that I expect him to continue to look for a job[.]" Tr. pp. 37–38.

Indiana Code section 33–40–3–6 provides in pertinent part:

(a) If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay the costs of representation under section 7 of this chapter, the court shall require payment by the person . . . of the following costs in addition to other costs assessed against the person:

(1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.

(2) Costs incurred by the county as a result of court appointed legal services rendered to the person.

Ind.Code § 33–40–3–6 (2004).[1]

Indiana Code section 33–40–3–7 provides that if a defendant is receiving publicly paid representation, the court shall consider the following factors to determine whether the defendant is able to pay the costs of representation:

(1) the person's independently held assets and assets available to the spouse of the person or the person's parent if the person is unemancipated;

(2) the person's income;

(3) the person's liabilities; and

(4) the extent of the burden that payment of costs assessed under section 6 of this chapter would impose on the person and the dependents of the person.

Ind.Code § 33–40–3–7 (2004).

 Lamonte argues that the trial court abused its discretion when it failed to find him indigent and ordered him to pay a portion of his appellate attorney fees. It is within the trial court's discretion to determine whether counsel shall be appointed at public expense. *Hall v. State,* 826 N.E.2d 99, 104 (Ind.Ct.App.2005) (citing *Johnson v. State,* 640 N.E.2d 747, 749 (Ind. Ct.App.1994)). But, the court does not have discretion to deny counsel to an indigent defendant. *Graves v. State,* 503 N.E.2d 1258, 1262 (Ind.Ct.App.1987).

 It is not possible to set specific financial guidelines for the determination of indigency. *Hall,* 826 N.E.2d at 104 (citing *Moore v. State,* 273 Ind. 3, 7, 401 N.E.2d 676, 678 (1980)). " 'A defendant does not need to be totally without means to be entitled to court appointed counsel.' " *Id.* (quoting *Johnson,* 640 N.E.2d at 749). If the defendant "legitimately lacks the financial resources to employ an attorney, without imposing substantial hardship on himself or his family, the court must appoint counsel to defend him." *Id.* (quoting *Moore,* 273 Ind. at 7, 401 N.E.2d at 678); *see also Graves,* 503 N.E.2d at 1260. The determination of indigency must be based on a thorough examination of the defendant's "total financial picture as is practical," and not on "a superficial examina-

---

**1.** Various conflicting provisions of Indiana Code pertain to appointment of counsel and payment of associated costs of representation for indigent criminal defendants. Indiana Code section 35–33–7–6 allows a trial court to impose a fee of $50 on a misdemeanor defendant if the court finds that the defendant is able to pay part of the cost of representation by the assigned counsel. Indiana Code section 33–40–3–6 and Indiana Code section 33–37–2–3 grant trial courts the discretion to impose representation costs against a defen-

dant in excess of that amount in other instances. However, Indiana Code section 33–40–3–6 applies only in those situations where the court makes a finding of ability to pay the costs of representation, while Indiana Code section 33–37–2–3 applies only to those defendants that the court deems not indigent. *See Mathis v. State,* 776 N.E.2d 1283, 1288 (Ind. Ct.App.2002), *trans. denied* (discussing former sections 33–9–1.5–6 and 33–19–2–3). A thorough legislative consideration of these provisions would be helpful.

tion of income and ownership of property." *Id.* (quoting *Moore,* 273 Ind. at 7, 401 N.E.2d at 679). "The record must show that the determination of ability to pay includes a balancing of assets against liabilities and a consideration of the amount of defendant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations." *Id.* (quoting *Moore,* 273 Ind. at 7, 401 N.E.2d at 679); *see. also Graves,* 503 N.E.2d at 1260.

Here, Lamonte was found indigent for purposes of trial and appointed a public defender. After Lamonte was convicted, the trial court conducted a series of hearings to determine whether Lamonte was indigent for purposes of appeal. At the first post-trial indigency hearing the trial court conducted, Lamonte testified that he had been suffering symptoms of Crohn's disease and had spent eight months at Wishard Hospital. Tr. p. 22. The trial court requested that Lamonte present evidence of a physician's diagnosis, and set a second hearing for October 6, 2004. At that hearing, Lamonte presented documents from various service providers regarding his medical condition and homelessness. Appellant's App. pp. 24–26. The trial court then requested that Lamonte offer proof that he had actively looked for a job, and set a third hearing for October 20, 2004. At that hearing, Lamonte reported to the court that he had posted his resume on the internet and applied for various jobs but had not found work. Tr. pp. 34–35. He also testified that he was filing for disability. Tr. p. 36. In addition, Lamonte testified that while he had paid to get his car out of tow, and had inquired with a former employer about possible jobs, his health and homelessness made it difficult for him to secure employment. Tr. pp. 34–37.

Upon consideration of all of the evidence on appeal, we observe nothing in the record indicating that any aspect of Lamonte's financial status had changed between the time of his initial hearing, where he was found to be indigent, and the third post-trial hearing, where the trial court ordered Lamonte to pay $400 to the Supplemental Public Defender Service Fund. Under these facts and circumstances, we conclude that Lamonte is indigent and the trial court abused its discretion when it ordered him to pay $400 toward his appellate attorney fees. Because he is indigent, the trial court was required to provide Lamonte with pauper appellate counsel. *See Graves,* 503 N.E.2d at 1262.

### Conclusion

The trial court did not abuse its discretion when it admitted evidence of marijuana found in Lamonte's pocket. However, the trial court did abuse its discretion when it failed to find Lamonte indigent, and therefore erred when it ordered him to pay $400 toward his appellate attorney fees.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

DARDEN, J., and CRONE, J., concur.

### ORDER

This Court heretofore handed down its opinion in this case which affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion, which opinion was marked Memorandum Decision, Not for Publication.

The Appellant, by counsel, thereafter filed a Verified Motion for Publication, alleging that said opinion should be published, alleging that case law is sparse in denying or limiting appellate appointment for clearly indigent defendants and there exists an overriding threat of denial of

counsel if such appellate fees are allowed to curtail an indigent defendant's appeal.

The Court having examined said Motion, having reviewed its opinion in this appeal and being duly advised, now finds that said Verified Motion for Publication should be granted, and this Court's opinion heretofore handed down as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED that the Appellant's Verified Motion for Publication is GRANTED, and this Court's opinion heretofore handed down in this cause on October 13, 2005, marked Memorandum Decision, Not for Publication, is now ordered published.

All Panel Judges concur.