Bradley G. SHIVELY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 12A02–0903–CR–235.

Court of Appeals of Indiana.

Sept. 2, 2009.

---

F. Scott Stuard, Martin Stuard & Douglas, Frankfort, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez, II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Bradley Shively appeals his convictions for Class D felony domestic battery, Class A misdemeanor battery, and Class D felony criminal confinement, for which the trial court entered judgment as a Class A misdemeanor. We reverse and remand.

### Issue

The sole issue is whether the trial court properly denied Shively's request for court-appointed counsel.

### Facts

On October 15, 2007, the State charged Shively with Class D felony domestic battery, Class D felony criminal confinement, and two counts of Class B misdemeanor battery. At Shively's initial hearing on that same date, Shively requested the appointment of counsel at public expense. Shively and the trial court then had the following colloquy:

Q: Mr. Shively are you employed sir?

A: Yelp.

Q: Where abouts do you work?

A: I work at Werners and Sons.

Q: How long have you worked there?

A: Uh nine almost year.

Q: How long?

A: Almost a year.

Q: Okay.

A: About nine months.

Q: And how much do you make per hour?

A: I make thirty-nine cents a mile.

Q: Okay.

A: I average about Six Hundred Dollars a week.

Q: Is that take home?

A: Yelp. I'm buying a house. I've got a car.

Q: How long have you been buying a house?

A: A year.

Q: Do you know what I mean when I say equity?

A: I have no equity in the house.

Q: In other words yes you do understand what I mean when I say equity?

A: Yelp.

Q: Okay. And you say you're buying a vehicle?

A: Yep.

Q: What kind is it?

A: A Nineteen Eighty–Nine a Nineteen Ninety–Eight Chevy GM or Chevy Jimmy.

Q: Okay. Got any equity in the Chevy Jimmy?

A: Uh no. Just paying payments on it.

Q: Got a checking or savings account?

A: Yeh. I've got a checking account. It's empty.

Q: Less than a Hundred in it?

A: Yep. There's Thirteen Dollars in it.

Q: Anything else um that you own worth more than Four Five Hundred Dollars?

A: No.

Q: Okay.

App. pp. 62–64. After receiving this information, the trial court declined to appoint an attorney to represent Shively. The record reflects that an attorney entered an appearance on Shively's behalf on November 16, 2007, but withdrew his appearance on November 27, 2007.

Shively's jury trial was scheduled to begin on June 4, 2008. On May 28, 2008, Shively moved to continue the trial and reiterated his request for court-appointed counsel. The trial court continued the trial, and conducted a hearing on Shively's new request for counsel on June 4, 2008. The following colloquy ensued:

Q: Do you own any real property?

A: No I do not.

Q: Do you own any vehicles?

A: No I do not.

Q: Are you purchasing a vehicle?

A: No I do [sic] not.

Q: What is the nature of your employment?

A: I am a truck driver.

Q: What kind of pay do you receive? Are you employed by a company or is that a uh or are you a proprietor as a truck driver?

A: I'm I'm employed by a company sir.

Q: And who are you employed by?

A: USA Trucking.

Q: And what is your pay with USA Trucking?

A: Thirty–Six cent or yeh Thirty–Six cents a mile right now.

Q: And does that work out to some monthly or annual average that you can rely on for income?

A: Uh no it does not. It all depends on how many miles I get. So if I get five hundred miles in a week, I get paid five hundred miles sir.

Q: What was your income last month?

A: Uh last month uh let's see it was approximately Eight Hundred Dollars.

Q: What was your income last year that you reported to the Internal Revenue Service?

A: Uh Thirty–Four Thousand. I believe that that's what it was Thirty–Four Thousand.

\* \* \* \* \*

Mr. Shively the Court is responsible for the tax payer's money when it comes to pauper counsel. The Court also is aware of employment. There isn't a trade magazine or a newsweek that doesn't talk about nationwide shortage of over the road drivers semi drivers. And there's full employment in that sector. Also you're making Thirty–Four Thousand last year. It's it's absurd to even consider asking this Court for pauper counsel.... So uh Thirty–Four Thousand, you've got the money. You're not spending money to maintain a household someplace.

SHIVELY: I was. I just lost everything sir.

*Id.* at 68–71.

Shively's jury trial was held on October 10, 2008; Shively proceeded pro se. The jury found him guilty of Class D felony domestic battery, Class D felony criminal confinement, and two counts of Class B misdemeanor battery. After trial but before sentencing, Shively again requested the appointment of counsel. The trial court conducted a hearing on this request on November 5, 2008, at which it thoroughly examined not just Shively's gross income, but also how much he received in pay after deductions for things such as child support obligations and insurance for him and his children. After hearing testimony from Shively, the trial court appointed counsel to represent him during sentencing.[1] On January 27, 2009, the trial court entered judgments of conviction and sentenced Shively for Class D felony crimi-

nal confinement, Class A misdemeanor battery, and criminal confinement as a Class A misdemeanor. Shively now appeals, represented by the same court-appointed attorney who represented him at sentencing.

### Analysis

██ Shively's sole challenge to his convictions is that the trial court erred in not appointing an attorney to represent him at trial. "It is within the trial court's discretion to determine whether counsel shall be appointed at public expense." *Lamonte v. State,* 839 N.E.2d 172, 176 (Ind. Ct.App.2005). The court does not, however, have discretion to deny counsel to an indigent defendant. *Id.* "The court's duty to appoint competent counsel arises at any stage of the proceedings when the defendant's indigency causes him to be without the assistance of counsel." *Moore v. State,* 273 Ind. 3, 8, 401 N.E.2d 676, 679 (1980). A failure to permit a defendant to have counsel amounts to a denial of due process, and there can be no valid criminal trial unless a defendant is represented by counsel if he or she desires representation. *Id.* at 6, 401 N.E.2d at 678.

██ There is no set specific financial guideline for the determination of indigency. *Lamonte,* 839 N.E.2d at 176. It is clear, however, that a defendant does not have to be totally without means in order to be entitled to counsel at public expense. *Moore,* 273 Ind. at 7, 401 N.E.2d at 678. Counsel must be appointed if a defendant cannot employ an attorney without imposing substantial hardship on him- or herself or his or her family. *Id.* An indigency determination cannot be made "on a superficial examination of income and ownership of property but must be based on as thor-

---

1. The judge who appointed counsel after trial was the same judge who conducted Shively's first pre-trial indigency hearing. The judge who presided over the second pre-trial indigency hearing was a judge pro tempore.

ough an examination of the defendant's total financial picture as is practical." *Id.,* 401 N.E.2d at 679. A determination of ability to pay must include a balancing of assets against liabilities and a consideration of the amount of the defendant's disposable income or other resources reasonably available to him or her after the payment of fixed or certain obligations. *Id.* Moreover, because the right to counsel is a fundamental constitutional right, the record in each case must show that careful consideration of indigency, commensurate with the right at stake, has been given to the defendant. *Id.* at 7, 401 N.E.2d at 678.

We cannot conclude the trial court gave the required careful consideration of Shively's financial situation in either of the pre-trial hearings in which it denied appointment of counsel. At both hearings, there was a rough estimate of Shively's current earnings. At neither time, however, was there any examination into the amount of Shively's fixed obligations. On appeal, the State asserts that Shively indicated he had no debts; the record, as we quoted earlier, does not support this assertion. There was no discussion of the amount of any debt payments. Crucially, there also was no discussion of Shively's obligations to his children. As was revealed in the third, post-trial indigency hearing, Shively has substantial financial obligations to them. There also was no indication in either indigency hearing that Shively had cash savings, or equity in any noncash assets he could liquidate to pay an attorney.

It also seems Shively's financial situation deteriorated between the first and second indigency hearings. Although he claimed to be making payments towards owning both a car and a home at the first hearing, he no longer was doing so at the time of the second hearing. Also, although he reported $34,000 in income to the federal government in 2007, he appeared to be on pace to make considerably less than that in 2008.[2] We reiterate that appointment of counsel is required if the defendant becomes indigent and unable to pay counsel at any point in the proceedings. *See Moore,* 273 Ind. at 8, 401 N.E.2d at 679.

Finally, it is telling that Shively was appointed counsel after trial but before sentencing and was also found indigent by the trial court for purposes of this appeal. There does not appear to have been any change in Shively's income, or change in his overall financial status, between the time of the second pre-trial indigency hearing and the indigency hearing that occurred after trial. Instead, the trial court at the post-trial hearing undertook a much more thorough examination of Shively's fixed obligations. It also did not rely upon Shively's 2007 taxable income information, but rather used the most recent available income information for Shively and did not presume he could earn more money based on news articles outside the record regarding employment in the trucking industry. If Shively was indigent for purposes of sentencing and appeal, it is difficult to perceive why he was not indigent for purposes of trial; there does not appear to have been any marked changed in Shively's financial status, particularly between the second pre-trial indigency hearing and the post-trial hearing. *Cf. Lamonte,* 839 N.E.2d at 177 (holding trial court abused its discretion in ordering defendant to pay $400 towards appellate counsel fees, where defendant previously had been found indigent for purposes of trial counsel and there was no indication any aspect of defendant's financial situation had changed).

---

2. At the third indigency hearing at the beginning of November 2008, Shively reported that he had earned approximately $15,000 so far in 2008.

Although we understand the reluctance of a trial court to appoint an attorney for one who may be "gaming the system," in this instance we do not believe sufficient care was given to a close examination of Shively's financial situation. The pre-trial inquiries regarding indigency were not ones that truly analyzed Shively's means to pay for a private attorney. Such hearings should have considered not only his actual income as of the time of the hearings, but also his fixed monetary obligations, including his obligations to his family. The trial court conducted a proper, more thorough examination of Shively after trial, and its conclusion at that time that Shively was indigent is inconsistent with its earlier findings that he was not. In other words, the trial court abused its discretion in refusing to appoint counsel for Shively before trial because it lacked sufficient information to conclude that he was not indigent at that time.

### Conclusion

We reverse Shively's convictions because the trial court failed to adequately ascertain before trial whether he was indigent for purposes of court-appointed counsel. If it were not for the fact that Shively was found indigent after trial, we might remand for the trial court to further consider whether Shively is indigent. As this case stands now, however, Shively is indigent and should be considered to still be so for purposes of further proceedings on remand, unless there is evidence his financial situation has markedly improved.

Reversed and remanded.

NAJAM, J., and KIRSCH, J., concur.