**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ASHLEY N. LAWRENCE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 92A04-1211-CR-597 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WHITLEY SUPERIOR COURT
The Honorable Douglas M. Fahl, Judge
Cause No. 92D01-1206-CM-401

**May 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

STATEMENT OF THE CASE

Ashley N. Lawrence appeals the revocation of her probation and the sentence imposed by the trial court. We reverse and remand.

ISSUE

Lawrence raises two issues, one of which we find dispositive: whether the trial court abused its discretion in the course of determining that Lawrence was not entitled to court-appointed counsel.

FACTS AND PROCEDURAL HISTORY

In 2012, Lawrence pleaded guilty to Class C misdemeanor operating a vehicle with an ACE of .08 or more, Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor battery resulting in bodily injury, and Class B misdemeanor criminal mischief. The trial court dismissed the first count, entered a judgment of conviction on the other three, and sentenced Lawrence to one year with thirty days executed and the remainder suspended to probation, plus an additional six months of probation.

On October 1, 2012, the probation department filed a notice of probation violation. The trial court held a hearing on November 14, 2012. The following discussion occurred at that hearing:

COURT:          Alright. How would you like to proceed this afternoon? Do you wish to admit or deny the allegations?

LAWRENCE:       I will like to ask for a court appointed attorney.

COURT: Alright. Please raise your right hand. Do you swear or affirm that the testimony you are about to give is the truth, the whole truth and nothing but the truth so help you God?

LAWRENCE: Yes, I do.

COURT: Ma'am where are you working?

LAWRENCE: I am currently not employed. I'm a full time student.

COURT: Alright. Well, how are you affording to be a full time student?

LAWRENCE: I take out loans.

COURT: Okay.

LAWRENCE: I have financial aid and also I've picked out a loan to pay for my school.

COURT: Alright. Okay. Ma'am I'm not going to appoint an attorney to represent you. What you are, uh, I appreciated the fact that you are going to college, but you are what's a, you are voluntarily unemployed. Alright. So you need to hire your own attorney. It's not that you are unemployed by terms, or that you are destitute in this particular case. You are choosing not to work and you are choosing to go to college. Therefore it's not appropriate for the taxpayers to pay for your attorney. You will have to pay for your own attorney. So I'm going to deny your request for a public defender. Would you like to set this matter, would you to [sic] set this matter for a fact finding to give you the chance to hire an attorney?

LAWRENCE: Uh, I mean, I don't have the money for an attorney.

COURT: Okay. Alright. Do you wish to have the matter set for a fact finding? Or do you wish to admit to the allegations? I don't want you to admit simply because you don't have an attorney. If you feel that you committed these allegations, and you wish to admit,

3

that's fine. If you would like we can set the matter for a fact finding and the State can prove beyond the preponderance of the evidence that you did in fact commit these offenses if they are unable [sic] to do so.

LAWRENCE: Um, I admit.

Tr. pp. 4-5.

The trial court accepted Lawrence's admission and ordered her to serve the remainder of her one-year sentence. This appeal followed.

### DISCUSSION AND DECISION

Lawrence argues that the trial court failed to perform an adequate investigation into her ability to afford private counsel and that remand is necessary for a more thorough inquiry. The State agrees with Lawrence.

The grant of probation is a favor by the trial court, not a right. *Beeler v. State*, 959 N.E.2d 828, 829 (Ind. Ct. App. 2011), *trans. denied*. A probation revocation hearing is in the nature of a civil proceeding. *Donald v. State*, 930 N.E.2d 76, 79 (Ind. Ct. App. 2010). Nevertheless, a defendant is entitled to certain due process protections prior to the revocation of his or her probation. *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 1999). Among these protections is the right to "representation by counsel." Ind. Code § 35-38-2-3(f) (2010). As a general matter, it is within the court's discretion to determine whether counsel shall be appointed at public expense. *Shively v. State*, 912 N.E.2d 427, 430 (Ind. Ct. App. 2009). An abuse of discretion occurs when the court's decision is contrary to the logic and effect of the facts and circumstances before it or when the trial court errs on a matter of law. *Wilson v. State*, 973 N.E.2d 1211, 1213-14 (Ind. Ct. App.

4

2012). A court does not have discretion to deny counsel to an indigent defendant. *Shively*, 912 N.E.2d at 430.

There is no set specific financial guideline for the determination of indigency. *Id.* It is clear, however, that a defendant does not have to be totally without means in order to be appointed counsel at public expense. *Id.* A determination of ability to pay must include a balancing of assets against liabilities and a consideration of the amount of the defendant's disposable income or other resources reasonably available to him or her after the payment of fixed or certain obligations. *Id.* at 431. Moreover, because the right to counsel is a fundamental constitutional right, the record in each case must show that careful consideration of indigency, commensurate with the right at stake, has been given to the defendant. *Id.*

Here, based upon the discussion between Lawrence and the trial court at the probation revocation hearing, we cannot conclude that the court carefully considered Lawrence's financial circumstances and balanced her assets against her liabilities. The court simply determined that Lawrence was "voluntarily unemployed" because she was a full-time college student. The State agrees "that the trial court's inquiry in this case was inadequate." Appellee's Br. p. 6. Under these circumstances, the court's inquiry was insufficient and amounted to an abuse of discretion. *See Graves v. State*, 503 N.E.2d 1258, 1262 (Ind. Ct. App. 1987) (determining that the trial court's inquiry into Graves' financial circumstances was insufficient; Graves was an unemployed college student attending school on borrowed money and his bail was posted by his cousin).

5

Furthermore, the court's abuse of discretion in determining whether Lawrence was indigent requires us to reverse the court's conclusion that Lawrence violated the terms of her probation. *See id.* (reversing a misdemeanor conviction for dealing in marijuana due to a deficient indigency determination at an initial hearing). We remand for a more thorough indigency determination, to be followed by further proceedings as appropriate.[1]

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CRONE, J., and PYLE, J., concur.

---

[1] The State claims that there is sufficient evidence to support the revocation of Lawrence's probation. However, the State's evidence was never put to the test because Lawrence admitted to violating the terms of her probation immediately after the denial of her request for court-appointed counsel. Thus, we do not address the sufficiency of the evidence.